UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NEW HAMPSHIRE MOTOR TRANSPORT ASSOCIATION, MASSACHUSETTS MOTOR TRANSPORTATION ASSOCIATION, INC., AND VERMONT TRUCK & BUS ASSOCIATION, INC., <br><br> Plaintiffs, <br><br> -v- <br><br> G. STEVEN ROWE, in his official capacity as Attorney General of the State of Maine, <br><br> Defendant. | Case No.  Case No.  1:03-cv-178-DBH |

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE SUBMITTED IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

COME NOW plaintiffs, the New Hampshire Motor Transport Association, the Massachusetts Motor Transportation Association, Inc., and the Vermont Truck & Bus Association, Inc. ("Carrier Associations"), through counsel, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56, and submit the following statement of material facts not in dispute in support of their Motion for Summary Judgment:[1]

1.   The plaintiff Carrier Associations are trade associations that represent the trucking industry.  Declaration of Alice Ennis ("Ennis Decl.") ¶ 2; Declaration of Anne Lynch ("Lynch Decl.") ¶ 2; Declaration of Robert J. Sculley ("Sculley Decl.") ¶ 2.

2.   It is the business of the Carrier Associations' members to engage in the commercial transportation and delivery of packages containing property, including in some instances tobacco products, to recipients in various states, including Maine.  Ennis Decl. ¶ 3; Lynch Decl. ¶ 3; Sculley Decl. ¶ 3.

---

[1] The material facts set forth herein "shall be deemed admitted unless properly controverted." D. Me. L. R. 56(h)(4); *see Minott v. Smith*, No. 03-10-P-H , 2003 U.S. Dist. LEXIS 15574, at *19 n.3 (D. Me. Sept. 5, 2003) (pursuant to Local Rule 56, on motion for summary judgment, facts not properly controverted in an opposing party's separate statement are deemed admitted).

3. By this action, the Carrier Associations seek to protect interests that are central to their purposes of representing, and advocating on behalf of, the trucking industry. Ennis Decl. ¶ 4; Lynch Decl. ¶ 4; Sculley Decl. ¶ 4.

4. On August 28, 2003, the Tobacco Enforcement Coordinator of the State of Maine Office of the Attorney General, sent a letter addressed "Dear Delivery Service" to delivery services doing business in Maine. Lynch Decl. ¶ 6 & Ex. A. That letter states in part that:

- "Maine has enacted a new law that affects delivery of tobacco products" and "regulates delivery sales of tobacco products" to consumers in Maine.
- "Delivery services are prohibited from delivering tobacco products to consumers in Maine unless purchased and shipped from a licensed tobacco retailer."
- Carriers "must only accept shipments from retailers licensed by the Maine Department of Human Services."
- It encloses "a list of known unlicensed and licensed tobacco retailers."
- "Illegal delivery of tobacco products is a civil violation," subject to fines.
- Under the Maine Unfair Trade Practice Act, the State may "obtain a court order enjoining a delivery service from delivering tobacco products to Maine consumers."
- "We expect full compliance with this law."

*Id*.

Dated: October 15, 2003

PAUL T. FRIEDMAN
RUTH N. BORENSTEIN
LAWRENCE R. KATZIN
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000

MICHAEL A. NELSON
JENSEN BAIRD GARDNER & HENRY
10 Free Street
P.O. Box 4510
Portland, ME 04112-4510
Telephone: (207) 775-7271

By: /s/
       Michael A. Nelson

Attorneys for Plaintiffs
NEW HAMPSHIRE MOTOR TRANSPORT
ASSOCIATION, MASSACHUSETTS MOTOR
TRANSPORTATION ASSOCIATION, INC., and
VERMONT TRUCK & BUS ASSOCIATION, INC.