UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| NEW HAMPSHIRE MOTOR TRANSPORT ASSOCIATION, MASSACHUSETTS MOTOR TRANSPORTATION ASSOCIATION, INC., AND VERMONT TRUCK & BUS ASSOCIATION, INC., <br><br> Plaintiffs, <br><br> -v- <br><br> G. STEVEN ROWE, in his official capacity as Attorney General of the State of Maine, <br><br> Defendant. | Case No. 1:03-cv-178-DBH |

DECLARATION OF ANNE LYNCH
IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

sf-1579335

I, Anne Lynch, declare:

1. I have personal knowledge of the facts set forth below, and if called as a witness, I could and would so testify to them.

### A. The Massachusetts Motor Transportation Association.

2. I am the Executive Director of the Massachusetts Motor Transportation Association (the "MMTA"). The MMTA represents the trucking community in the State of Massachusetts. We speak for Massachusetts's trucking industry in a variety of forums including state and federal legislatures, regulatory agencies, the public, and the media. The MMTA's mission includes to foster, develop, encourage and promote the business of motor carrier transportation through the sound, economical, safe and efficient operations of its members; to encourage, maintain and promote the inherent advantages of safe and efficient highway transportation; to foster and maintain just and lawful trade practices in the motor carrier business and related businesses; and to strive for and encourage uniformity in motor carrier business practices and reciprocity among states with respect thereto.

3. Founded in 1919 the MMTA is a non-profit trade association that has more than 300 members. Our members operate truck fleets ranging from family-owned trucking businesses based in Massachusetts to large enterprises headquartered elsewhere. Most, if not all, of our members are engaged in the commercial delivery of packages containing property, including, in some instances, tobacco products. These members include national interstate package carriers, such as United Parcel Service and Federal Express, as well as truckload carriers, regional carriers, and courier services, both interstate and local.

4. The laws challenged in this action — Me. Rev. Stat. Ann. tit. 22, §§ 1555-C(3)(A) and (C) and § 1555-D (the "Challenged Provisions") — are of great concern to the MMTA because they regulate to and from whom delivery services may deliver particular commodities in Maine, as well as the manner in which deliveries of those commodities must be performed. These laws explicitly affect the services of those of the MMTA's delivery service members that are, have been, and/or desire to be engaged in the transportation of tobacco products to consignees in Maine, among other states. In addition,

Me. Rev. Stat. Ann. tit. 22, § 1555-D(1) provides that a delivery service will be deemed to know that a package contains tobacco products if it is marked in accordance with Me. Rev. Stat. Ann. tit. 22, § 1555-C, or is sent by a known unlicensed retailer on a list produced by the Attorney General. As a result, the MMTA's members that make deliveries in Maine must ensure that, if any such packages come into their systems, they are delivered only if the shipper of the packages are licensed Maine retailers, or if the packages are addressed to consignees who are licensed distributors or retailers. Thus, the Challenged Provisions explicitly affect the services of all of the MMTA's members that make deliveries in Maine. Accordingly, this action is germane to the MMTA's purposes of serving and representing the interests of the trucking industry, supporting laws and regulations that benefit the motor carrier industry, and advancing the interests of highway transportation.

      **B.**    **The Threat To The MMTA's Delivery Service Members.**

5. The penalties for violations of the Maine Statute expose both a delivery service and its offending employee to a civil fine of up to $1,500 for each violation of Section 1555-D. In addition, they face penalties for violation of the Maine Unfair Trade Practices Act.

6. On August 28, 2003, the Tobacco Enforcement Coordinator of the State of Maine Office of the Attorney General sent a letter addressed "Dear Delivery Service" to delivery services doing business in Maine, including members of the MMTA. The letter indicates that "Maine has enacted a new law that affects delivery of tobacco products" and "regulates delivery sales of tobacco products" to consumers in Maine." The letter warns that "[i]llegal delivery of tobacco products is a civil violation, punishable by a fine of up to $1500," and that the State may obtain a court order "enjoining a delivery service from delivering tobacco products to Maine consumers." A true and correct copy of the letter is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Boston, Massachusetts, on October 14, 2003.

*Anne M. Lynch*
Anne Lynch



G. STEVEN ROWE
ATTORNEY GENERAL

Telephone: (207) 626-8800
TDD: (207) 626-8865

STATE OF MAINE
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA, MAINE 04333-0006

REGIONAL OFFICES:

84 HARLOW ST., 2ND FLOOR
BANGOR, MAINE 04401
TEL: (207) 941-3070
FAX: (207) 941-3075

44 OAK STREET, 4TH FLOOR
PORTLAND, MAINE 04101-3014
TEL: (207) 822-0260
FAX: (207) 822-0259
TDD: (877) 428-8800

128 SWEDEN ST., STE. 2
CARIBOU, MAINE 04736
TEL: (207) 496-3792
FAX: (207) 496-3291

August 28, 2003

Dear Delivery Service:

The state of Maine has enacted a new law that affects delivery of tobacco products to consumers in Maine. The law, Public Law Chapter 444 (2003), regulates delivery sales of tobacco products to consumers in the state of Maine and becomes effective on September 13, 2003. A copy of the law is enclosed for your reference.

Delivery services are prohibited from delivering tobacco products to consumers in Maine unless purchased and shipped from a licensed tobacco retailer. Further, in order to accept an order for tobacco products to be delivered to a Maine consumer, the seller must possess a Maine tobacco retail license. Additionally, the law contains standards for age verification and delivery and provides that the seller must submit sales reports to the Maine Department of Administrative and Financial Services, Bureau of Revenue Services.

If you wish to deliver tobacco products to Maine consumers you must only accept shipments from retailers licensed by the Maine Department of Human Services. A list of known unlicensed and licensed tobacco retailers is enclosed. Please note that the list of unlicensed retailers is confidential. The lists are also available electronically upon request. Illegal delivery of tobacco products is a civil violation, punishable by a fine of up to $1500. See 22 MRSA § 1555-D. In addition, violation of any part of the new law is also a violation of Maine's Unfair Trade Practices Act, 5 MRSA § 206 et seq., punishable by a fine of up to $10,000. Under the Unfair Trade Practice Act, the state of Maine may also obtain a court order enjoining a delivery service from delivering tobacco products to Maine consumers.

We expect full compliance with this law. Please direct any questions you may have to me John Archard, Tobacco Enforcement Coordinator, Office of the Attorney General, 6 SHS, Augusta, ME 04333-0006. My phone number is 207-626-8837. Your cooperation complying with Maine law is appreciated.

Sincerely,

John Archard
Tobacco Enforcement Coordinator

ENCLOSURES

Printed on Recycled Paper