## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| NEW HAMPSHIRE MOTOR TRANSPORT ASSOCIATION, MASSACHUSETTS MOTOR TRANSPORTATION ASSOCIATION, INC., AND VERMONT TRUCK & BUS ASSOCIATION, INC., <br><br>                    Plaintiffs, <br><br>    -v.- <br><br> G. STEVEN ROWE, in his official capacity as Attorney General of the State of Maine, <br><br>                    Defendant. | Case No. 1:03-cv-178-DBH |

### DECLARATION OF ROBERT J. SCULLEY
### IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

sf-1576674

I, Robert J. Sculley, declare:

1. I have personal knowledge of the facts set forth below, and if called as a witness, I could and would so testify to them.

### A. The New Hampshire Motor Transport Association.

2. I am the President of the New Hampshire Motor Transport Association (the "NHMTA"). The NHMTA represents the trucking community in the State of New Hampshire. The NHMTA's mission includes to promote a motor transport system which will serve the citizens of New Hampshire reliably, efficiently, safely and economically; serve as a spokesperson for motor transport before federal, state and municipal governmental bodies; communicate the mission of motor transport to the general public through media and personal appearances; foster the principles of the Association through promotion of its services that may enhance the operation of its participating members; encourage cooperation, courtesy and safety among highway users; and encourage construction and maintenance of safe and adequate highways.

3. Founded in the 1930s, the NHMTA is a non-profit trade association that has more than 350 members. Our members operate truck fleets ranging from family-owned trucking businesses based in New Hampshire to large enterprises headquartered elsewhere. Most, if not all, of our members are engaged in the commercial delivery of packages containing property, including, in some instances, tobacco products. These members include national interstate package carriers, such as United Parcel Service and Federal Express, as well as truckload carriers, regional carriers, and courier services, both interstate and local.

4. The laws challenged in this action — Me. Rev. Stat. Ann. tit. 22, §§ 1555-C(3)(A) and (C) and § 1555-D (the "Challenged Provisions") — are of great concern to the NHMTA because they regulate to and from whom delivery services may deliver particular commodities in Maine, as well as the manner in which deliveries of those commodities must be performed. These laws explicitly affect the services of those of the NHMTA's delivery service members that are, have been, and/or desire to be engaged in the

sf-1576674

1

transportation of tobacco products to consignees in Maine, among other states. In addition, Me. Rev. Stat. Ann. tit. 22, § 1555-D(1) provides that a delivery service will be deemed to know that a package contains tobacco products if it is marked in accordance with Me. Rev. Stat. Ann. tit. 22, § 1555-C, or is sent by a known unlicensed retailer on a list produced by the Attorney General. As a result, the NHMTA's members that make deliveries in Maine must ensure that, if any such packages come into their systems, they are delivered only if the shipper of the packages are licensed Maine retailers, or if the packages are addressed to consignees who are licensed distributors or retailers. Thus, the Challenged Provisions explicitly affect the services of all of the NHMTA's members that make deliveries in Maine. Accordingly, this action is germane to the NHMTA's purposes of serving and representing the interests of the trucking industry, supporting laws and regulations that benefit the motor carrier industry, and advancing the interests of highway transportation.

      **B.**     **The Threat To The NHMTA's Delivery Service Members.**

5. The penalties for violations of the Maine Statute expose both a delivery service and its offending employee to a civil fine of up to $1,500 for each violation of Section 1555-D. In addition, they face penalties for violation of the Maine Unfair Trade Practices Act.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Concord, New Hampshire, on October ___, 2003.

_____
Robert J. Sculley