## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| NEW HAMPSHIRE MOTOR TRANSPORT ASSOCIATION, MASSACHUSETTS MOTOR TRANSPORTATION ASSOCIATION, INC., AND VERMONT TRUCK & BUS ASSOCIATION, INC. <br><br> Plaintiffs, <br><br> -v- <br><br> G. STEVEN ROWE, in his official capacity as Attorney General of the State of Maine, <br><br> Defendant. | Case No.  1:03-cv-178-DBH |

**PLAINTIFFS' REQUEST FOR RELIEF FROM RULE 56(a) WAITING PERIOD BEFORE FILING MOTION FOR SUMMARY JUDGMENT**

NOW COME plaintiffs, the New Hampshire Motor Transport Association, the Massachusetts Motor Transportation Association, Inc., and the Vermont Truck & Bus Association, Inc. (collectively, the "Carrier Associations"), through counsel, and respectfully request leave to file the attached motion for summary judgment now, 19 days before expiration of the 20-day waiting period set by Fed. R. Civ. P. 56(a), as follows:

### I.    INTRODUCTION

1.      This is an action by trade associations whose members are motor carriers of property, which seeks to have the Court declare preempted and permanently enjoin challenged provisions of Maine law that expressly regulate whether, to whom, and how carriers may deliver tobacco products in Maine.  The Challenged Provisions, which became effective on September 13, 2002, are:

(a)     22 M.R.S.A. § 1555-D, entitled "Illegal Delivery of Tobacco Products," which prohibits any person from "knowingly transport[ing] or caus[ing] to be delivered to a person in this state [other than a licensed tobacco distributor or retailer] a Tobacco Product" that was not purchased from a tobacco retailer licensed by the State; and

(b)     22 M.R.S.A. §§ 1555-C(3)(A) and (C), which regulate which "Delivery Services" — specifically defined to include a person engaged in the commercial delivery of packages — can be utilized for shipping tobacco products sold to a person in Maine, and what data "Delivery Services" must collect from shippers of such packages.  For example, these statutes require that a "Delivery Service" must make delivery only to the purchaser (as opposed to a mail room attendant, receptionist, or any other person at the delivery address) and must check a government-issued photo identity card of any addressee under 27 years old.

2.     The Carrier Associations contend that 22 M.R.S.A. §§ 1555-C(3)(A) and (C), and 22 M.R.S.A. § 1555-D (collectively the "Challenged Provisions") are preempted by 49 U.S.C. §§ 14501(c)(1) and 41713(b)(4), also known as the Federal Aviation Administration Authorization Act of 1994 (the "FAAAA").  In relevant part, the FAAAA provides that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service" of any motor carrier, or intermodal air/ground carrier with respect to the transportation of property.

3.     By this motion, plaintiffs seek leave to file their attached motion for summary judgment now, 19 days before expiration of the 20-day waiting period set forth in Rule 56(a) of the Federal Rules of Civil Procedure.  The summary judgment motion is limited to the Carrier Associations' arguments that the express terms of the Challenged Provisions in and of themselves — without reference to testimony or evidence concerning the actual effect on carriers of complying with the Challenged Provisions — establish that they are related to carriers' service, and therefore are preempted by the FAAAA as a matter of law.  The summary judgment motion relies on controlling authority from the United States Court of Appeals for the First Circuit, *United Parcel Service, Inc. v. Flores-Galarza*, 318 F.3d 323 (1st Cir. 2003).  The Carrier Associations reserve for future use, if necessary, their evidence-based arguments that the Challenged Provisions are related to carriers' prices, routes, and services and are preempted by the FAAAA.

## II.     PROCEDURAL BACKGROUND

4.      On October 10, 2003, the Carrier Associations filed their Complaint for declaratory and injunctive relief against G. Steven Rowe, in his official capacity as Attorney General of the State of Maine.

5.      On October 10, 2003, the same day that they filed the Complaint, plaintiffs' counsel sent via email a copy of the Complaint to John Archard, Tobacco Enforcement Coordinator of the State of Maine Office of the Attorney General.  Also on October 10, 2003, plaintiffs' counsel telephoned Mr. Archard to inform him that, in the interest of reaching an efficient resolution of their action, the Carrier Associations intended to move for summary judgment based solely on the ground that the express terms of the Challenged Provisions in and of themselves — without reference to testimony or evidence concerning the actual effect on carriers of complying with the Challenged Provisions — establish that they are related to carriers' service, and therefore are preempted by the FAAAA as a matter of law.  (Declaration of Lawrence R. Katzin, filed herewith, at ¶¶ 2-3.)  In that message, plaintiffs' counsel also informed Mr. Archard that plaintiffs intended to file a motion for relief from the 20-day waiting period of Federal Rule of Civil Procedure 56(a), and that plaintiffs would be willing to stipulate to a reasonable extension of time for defendant to file an opposition to their summary judgment motion if requested.  (*Id*.)

6.      Plaintiffs received the Summons from the Court Clerk on October 14, 2003, and served the Complaint and Summons on defendant on October 14, 2003.

## III.    DISCUSSION

7.      Good cause exists to allow the Carrier Associations' to file an early summary judgment motion because early resolution of the motion would spare both sides from needlessly dedicating money, time, and other resources into compliance efforts for the Challenged

Provisions.[1]   An early motion also has the potential to relieve the Carriers Associations' members from the irreparable harm they face from the threat of enforcement of the Challenged Provisions and from having to conform their delivery services to the dictates of the Challenged Provisions, which they contend are preempted.

8.      In addition, by having an early motion limited to the express terms of the Challenged Provisions (and reserving evidence-based arguments for later, if necessary), this action can be resolved in a streamlined fashion, without resort to discovery.  That end is furthered by allowing the motion to be filed now because greater streamlining will produce even greater savings for all parties.

9.      Thus, leave to file an early motion for summary judgment should be granted in the interest of more expeditious litigation.

10.      Rule 56(a)'s 20-day waiting period is intended to provide defendants with an "opportunity to secure counsel and determine a course of action."  *See* Fed. R. Civ. P. 56, Advisory Committee Notes, 1946 Amendment Note to Subdivision (a).  Because of the nature of this action, however, those concerns are not present here.

11.      First, the Attorney General, who is named in his official capacity as the officer of the State charged with enforcing the Challenged Provisions, does not need the opportunity to secure counsel to defend the Challenged Provisions of the Maine statute.  The Attorney General's office already *is* the State's legal counsel.  Moreover, the Attorney General's Office already has a Tobacco Control Coordinator involved with the Office's notification efforts regarding the Challenged Provisions.

---

[1] Other than the Challenged Provisions, the Carrier Associations do not challenge any aspect of 2003 Public Laws 444, "An Act To Regulate the Delivery and Sales of Tobacco Products and To Prevent the Sale of Tobacco Products to Minors" (the "Statute"), or its enactment and/or amendment of 22 M.R.S.A. §§ 1551, 1555-C, and 1555-D.  (*See* Compl. ¶ 22.) The unchallenged provisions of the Statute regulate purchasers and retailers of tobacco product delivery sales in a manner that does not relate to the carriers' prices, routes, or services.  Thus, this action, and the Carrier Association's summary judgment motion, will not affect the Attorney General's enforcement of any other aspects of the Statute.

12.     Second, because of its present familiarity with the Challenged Provisions, and the limited nature of the Carrier Associations' summary judgment motion, the Attorney General's office does not need an extended period — above and beyond the 21-day window to file an opposition — to "determine a course of action."  As noted above, the plaintiffs' summary judgment motion is limited to the Challenged Provisions *by their express terms* being preempted by the FAAAA, as established by the First Circuit's decision in *Flores-Galarza*, 318 F.3d 323. The motion seeks to resolve only pure matters of law and does not rely on any supporting factual evidence concerning the effect of the Challenged Provisions on carriers' prices, routes, and services.  No discovery would be required to file an opposition and, indeed, may not be necessary at all.  The Attorney General's office already is familiar with the Challenged Provisions because of efforts to notify affected entities.  *See generally Boston Celtics Ltd. P'ship v. Shaw*, 908 F.2d 1041, 1050 (1st Cir. 1990) (affirming lower court's determination of motion having effect of summary judgment before expiration of Rule 56(a)'s 20-day window, noting that "[t]he important question, in respect to time limits such as [Rule 56(a)], is whether failure to observe them somehow injured [the defendant]").

13.     Third, as noted above, plaintiffs furnished defendant's counsel with a copy of the Complaint on October 10, 2003, and immediately informed defendant's counsel of their intent to file the instant motion and the attached motion for summary judgment.  In addition, plaintiffs are willing to stipulate to a reasonable extension of time for the defendant to file his opposition to the summary judgment motion, if requested.

14.     Since good cause exists for the relief sought, and there is no foreseeable prejudice to the Attorney General, plaintiffs respectfully request that the Court grant them leave to file the attached motion for summary judgment.

Dated:     October 15, 2003

PAUL T. FRIEDMAN (certification pending)
RUTH N. BORENSTEIN (certification pending)
LAWRENCE R. KATZIN (certification pending)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone:  (415) 268-7000

MICHAEL A. NELSON
JENSEN BAIRD GARDNER & HENRY
10 Free Street
P.O. Box 4510
Portland, ME 04112-4510
Telephone: (207) 775-7271


By: /s/
          Michael A. Nelson

Attorneys for Plaintiffs
NEW HAMPSHIRE MOTOR TRANSPORT
ASSOCIATION, MASSACHUSETTS MOTOR
TRANSPORTATION ASSOCIATION, and VERMONT
TRUCK & BUS ASSOCIATION

sf-1560146

6