## UNITED STATES DISTRICT COURT

### FOR THE
### DISTRICT OF MAINE

| | |
|---|---|
| NEW HAMPSHIRE MOTOR TRANSPORT ASSOCIATION, MASSACHUSETTS MOTOR TRANSPORTATION ASSOCIATION, INC., AND VERMONT TRUCK & BUS ASSOCIATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> G. STEVEN ROWE, in his official capacity as Attorney General for the State of Maine, <br><br> Defendant. | CIVIL ACTION NO.: 03-CV-178-DBH |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S STATEMENT OF ADDITIONAL MATERIAL FACTS

NOW COMES Defendant, G. Steven Rowe in his official capacity as the Attorney General for the State of Maine, by and through counsel, and hereby opposes Plaintiffs' Motion to Strike Defendant's Statement of Additional Material Facts.  As a basis for the opposition, defendant states the following.

Plaintiffs argue that the facts contained in Defendant's Statement of Additional Material Facts are immaterial and impertinent.  *Plaintiffs' Reply to, and Motion to Strike, Defendant's Statement of Additional Material Facts*, p. 1-5.[1]  Plaintiffs assert that the facts set forth by defendant in paragraphs 1-4 of *Defendant's Statement of Additional Material Facts* are immaterial and impertinent because the issues to be decided by the

---

[1] For ease of reference, *Plaintiff's Reply to, and Motion to Strike Defendant's Statement of Additional Material Facts* will hereafter be referred to as "Motion to Strike."

Court are purely legal. *Motion to Strike,* p. 1-2. Plaintiffs' position misses the mark. The preemption analysis that this Court must undertake is *different* when the statute in question – like the one here – is an exercise of the state's traditional police powers to protect the public health of its citizens. *Hillsborough County v. Automated Med. Lab., Inc.,* 471 U.S. 707 (1985); *Pharmaceutical Research and Mfrs. of Am. v. Walsh*, 123 S.Ct. 1855 (2003). Therefore, the facts set forth by the defendant to demonstrate the grave public health concerns behind the enactment of this statute are wholly material.

Plaintiffs also argue that the fact set forth by defendant in paragraph 5 – that at least one of plaintiffs' member carriers currently provides age verification services – is immaterial and impertinent. *Motion to Strike,* p. 2. First, plaintiffs misstate the legal issue as "whether the FAAAA permits the state to *require* that carriers offer a service . . . in order to be lawfully hired to deliver cigarettes in Maine." *Motion to Strike*, p. 2-3. The real issue is whether the statute requires the common carriers to do anything, and it most decidedly does not. The statute does not require the carriers to offer any particular service – it simply prohibits *delivery sellers* of tobacco from using a common carrier that does not offer such a service. Each common carrier must make its own business decision – a carrier may choose to offer the service, or not, as it determines is in the best interest of its company. In fact, there is no liability imposed on a common carrier for delivering tobacco without providing age verification. Any liability lies solely with the retailer.

Further, the fact that UPS already provides an inexpensive age verification service is absolutely material and pertinent to this case. It undermines plaintiffs' arguments that it would be cost-prohibitive to provide age verification services, and it demonstrates that carriers can and do provide similar services. It also shows that it is cost-effective for the

carriers to do so – it is reasonable to assume that a business like UPS would not provide the service unless it made money by doing so.

## CONCLUSION

WHEREFORE the defendant respectfully requests that this Court deny plaintiffs' motion and order such other relief as is just and equitable.

Dated: January 6, 2004

G. STEVEN ROWE
Attorney General

PAUL STERN
Deputy Attorney General

/s/ MELISSA REYNOLDS O'DEA
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, Maine 04333-0006
(207) 626-8800

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Melissa Reynolds O'Dea, Assistant Attorney General, hereby certify that on January 6, 2004 I electronically filed *Defendant's Opposition to Plaintiffs' Motion to Strike Defendant's Statement of Additional Material Facts* with the Clerk of Court. There are no non-registered parties requiring service by first-class United States mail.

Date:  January 6, 2004

/s/  MELISSA REYNOLDS O'DEA
Assistant Attorney General