```
                  UNITED STATES DISTRICT COURT
                        DISTRICT OF MAINE


NEW HAMPSHIRE MOTOR                    CIVIL ACTION
TRANSPORT, et al
      Plaintiffs                       Docket No.CV 03-178-DBH
v

G. STEVEN ROWE,
In his official capacity as
ATTORNEY GENERAL of the
STATE of MAINE,
            Defendant
```

Transcript of Proceedings

Transcript of CHAMBER CONFERENCE held before HON. D. BROCK HORNBY, in the United States District Court, Edward T. Gignoux Courthouse, Portland, Maine, on the 8th day of January 2004 as follows:

Appearances:
    For the Plaintiff:    Ruth N. Bornstein, Esq.
                                  Michael A. Nelson, Esq.

    For the Defendant:    Paul Stern, Esq.
                                  Melissa Reynolds O'Dea,

                    Pauline D. Terry,
                Official Court Reporter

Transcript recorded by mechanical stenography, transcript produced by computer aided transcript.

1   (Transcript of **chamber conference** held before HON. D.
2   BROCK HORNBY, in the United States District Court,
3   Edward T. Gignoux U. S. Courthouse, Portland, Maine, on
4   the 8th day of January 2004 beginning at 9:00 AM as
5   follows:)
6               THE COURT:  This, as you know, is civil
7   docket number 03-178 B-H, New Hampshire Motor Transport
8   Association, et al versus Maine Attorney General.
9               I asked for this conference to discuss with
10  you procedural matters.  I don't expect to get into
11  other matters today.
12              The plaintiff moved for summary judgment,
13  the defendant did not and asked for judgment as a matter
14  of law in the concluding paragraph in its brief, so I
15  need to know exactly where we stand on it.
16              Secondly, as you know the question is the
17  constitutionality of a state statute and there don't
18  appear to be a lot of disputed facts based on my
19  preliminary review of the pleadings and legal
20  memorandum, but I could be in error on that.
21              I called you in to discuss as a second
22  matter whether it is possible to stipulate a record for
23  purposes of a decision without going through preliminary
24  hearing and on to final issues. And on that same issue,
25  as you are probably aware, in light of the

```
 1   pharmaceutical decision, I'm a little gun shy to decide
 2   a case preliminarily.
 3             MS. BORNSTEIN: Your Honor, on the first
 4   issue about defendants asking for judgment, we have both
 5   a procedural and substantive response.
 6             Procedurally there was no motion from the
 7   defendants for summary judgment.  We did negotiate a
 8   briefing schedule on the plaintiff's motion.  They never
 9   told us they intended to move on cross motion or ask for
10   briefing and we have not had an opportunity to brief a
11   cross motion. Procedurally I don't think they have done
12   it properly.
13             Substantively, I think it is premature on
14   their side if they did want to move, because what we
15   have tried to do is make an initial motion to try to get
16   an expeditious resolution without going into the facts
17   based on the face of the statute, expressed terms of the
18   statute, saying that it is preempted without making a
19   showing in all of the ways in which the challenged
20   provision affects carriers' prices throughout.  So we
21   want to try and do this, move for summary judgment just
22   based on the expressed terms of the statute.
23             If the Court denied our motion, we would
24   want the opportunity to come forward and produce
25   evidence showing the actual effect on carriers and have
```

1  a more developed record and litigate it that way.
2              What we are hoping to do is just have you
3  take a look at the expressed terms, hopefully agree with
4  us that just based on that, without having to look at
5  the evidence showing the effect on the services.
6              THE COURT: Is there likely to be a dispute
7  on the second part, if we get to it?
8              MR. BORNSTEIN: I imagine for the defendant
9  it would be somewhat premature to know what they think
10 about that but we would be able to have some testimony
11 showing that some carriers have stopped providing
12 certain customers some services at all to the State of
13 Maine, and have adjusted how they have to provide their
14 services in Maine in order to make sure that they comply
15 with the provisions.
16             THE COURT: Ms. O'Dea?
17             MS. O'DEA: On the first point, I don't think
18 that procedurally it is improper in opposition to
19 summary judgment to ask for judgment to be entered.  I
20 think that is done on occasion.  We certainly would
21 intend to file our own motion down the road if the Court
22 didn't find that as a matter of law that the Maine
23 statute did not preempt it.
24             THE COURT: I could not enter judgment in
25 your behalf without judgment to the plaintiffs. The

```
 1  Federal Rule is not like the State Rule, there is not an
 2  automatic right for the judge to go either way.  And if
 3  the judge plans to enter summary judgment, and if there
 4  has not been a motion for it, then he has to give notice
 5  to the other side. So I guess, with all of that, are you
 6  really asking for it now?  Or are you simply asking me
 7  to deny her motion?
 8            MS. O'DEA: Well I guess, frankly the
 9  procedural manner that this case came to us is unusual
10  so we don't know what the facts are. We believe as a
11  matter of law this statute is not preempted because it's
12  an exercise of police power.  We think regardless of
13  what the facts show, that judgment can eventually be
14  entered in our favor.  We have not filed our own motion.
15            THE COURT:  And what is your response in
16  terms of facial versus factual disputes?
17            MS. O'DEA: We don't know what the facts are,
18  so it's hard to say.  I mean, I think that the facts
19  themselves lie with the plaintiff carriers, the number
20  of carriers.  We really don't know what those facts are,
21  so it's hard to say whether we would dispute them or
22  not.  We would certainly dispute what they meant.  I
23  can't anticipate what the facts are.  I do know one of
24  the carriers has stopped shipping tobacco products to
25  consumers in Maine.  I do know that is a fact but that
```

```
 1  is the only thing that I know of.
 2            THE COURT:  That is generally correct, isn't
 3  it, the information is going to be in your hands?
 4  Discovery will be the defendants discovering of you in
 5  terms of what was transported or not; is that correct?
 6            MS. BORNSTEIN: Correct.
 7            THE COURT:  I presume the facts are going to
 8  be relatively simple, is that correct or incorrect?
 9            MS. BORNSTEIN: I think it is probably right.
10  I don't know if we produce affidavits if they will want
11  to take depositions.
12            THE COURT:  That was going to be my next
13  question,  what is the best way to go forward.  Assuming
14  I'm going to deal with the facials first, since you are
15  here I want to consider what might happen in either
16  direction.  If I don't strike it down facially then
17  there will be the issue of honest facts, I take it.
18  Would the logical way to proceed to be to have the
19  plaintiffs at that point file affidavits or a statement
20  which could then let the defendant decide what
21  discovery, if any, is needed?
22            MS. BORNSTEIN: That would probably be the
23  easiest way. And then you can decide whether you want to
24  take depositions or not.  We're interested in not just
25  deciding it expeditiously but also as inexpensive as
```

1  possible, and if we can avoid depositions, we would be
2  in favor of that.  I assume you want an opportunity to
3  see what the affidavit said and make a determination as
4  to whether you felt anything needed to be tested.
5           MS. O'DEA: My reaction is that most likely
6  we would want depositions, but I again don't know what
7  the facts are so I can't say for sure.
8           THE COURT:  My suggestion is that if we get
9  to that stage is that we have the affidavit and
10 statements from the plaintiff first, that is the logical
11 starting point, to see how narrow or wide the factual
12 inquiry is.
13          And that the next step, rather than
14 depositions, might well be plaintiff's agreement to
15 interviews by the defendant of the people making
16 statements, and then determine whether depositions are
17 needed because again, it may well be, in light of your
18 beliefs concerning the status of the law and the factual
19 issues may not be paramount, or they may turn out to be
20 very important. I'm suggesting that it might be simpler
21 if plaintiffs agree to submit to interview and then, if
22 necessary, depositions to go forward.
23          You would like a ruling on the facial issue
24 of constitutionality, you have argued it and briefed it.
25          I'm not going to treat it simply as a

```
 1   plaintiff's motion for summary judgment.  So I will go
 2   ahead and make a ruling on that, if I rule in the
 3   plaintiff's favor, then obviously one set of
 4   consequences follows and it's out of my hands,
 5   presumably there's an appeal at that point. If I rule
 6   against the plaintiff's I will set deadlines for
 7   providing full information on the plaintiff's side,
 8   responses from the defendants and a schedule for
 9   presenting --
10             I can't imagine that we would have a trial.
11   Anything is possible but in light of what I have seen
12   here so far, I would be surprised if this is a matter
13   that goes to trial as opposed to being a matter decided
14   on the law.  Does that seem logical to both sides?
15             MS. BORNSTEIN: I had a case similar to this
16   and it was done on affidavits and summary judgment.
17             THE COURT:  Does that seem logical?
18             MS. O'DEA: Yes.
19             THE COURT:  And are there other pending
20   cases out there that I should be alert to in terms of
21   making decisions on this or likely comparable issues?
22             MS. BORNSTEIN: There is a statute in New
23   York that prohibits the knowing transportation of
24   cigarettes to most people in New York. And there are two
25   lawsuits pending about that statute and a third that was
```

1  already decided.
2           The one that is already decided is  <u>Brown
3  and Williamson versus Pataki</u>, and that was a commerce
4  clause challenge and the Second Circuit upheld the
5  statute against the commerce clause challenge.
6  Thereafter a group of carrier associations that I
7  represent filed suit against the statute, solely as it
8  applies to carriers and we argued summary judgment in
9  that case on July 22nd of last year and we do not yet
10 have any ruling.
11          THE COURT: What is the name of that case?
12          MS. BORNSTEIN: That is, the lead plaintiff I
13 believe is the <u>New York Carriers Association versus
14 Spitzer</u>.
15          THE COURT:  Who is that in front of?
16          MS. BORNSTEIN: Judge Daniels.
17          THE COURT:  It's the federal district?
18          MS. BORNSTEIN: Yes, Second District. And
19 then there is a third case which is <u>Ward versus Pataki</u>,
20 and that's a case that is pending in the Eastern
21 District of New York.  And I apologize, I can't recall
22 the name of the judge, that is a case where the
23 plaintiffs are Indian Nation Tobacco Retailers, they are
24 largely making arguments that are specific to native
25 American tribes and the native American sovereignty, but

1  they have included in their complaint allegations that
2  the statute was preempted by the same statute that we
3  use here.  And the state did not make an argument there
4  that they had no standing to raise it because they are
5  not carriers.  I actually think that they don't have any
6  standing but whether they do or not they certainly
7  aren't in the same situation as the Carrier Association
8  to make the arguments that we have made here about the
9  need for uniformity in federal laws governing services.
10             So, in the <u>Ward</u> case the plaintiffs had
11 moved for preliminary injunction and they did not get
12 one.
13             THE COURT:  I am familiar with the decision
14 by Judge Skretny, is that the Judge you're referring to?
15             MS. BORNSTEIN: Yes.
16             THE COURT: So that is where the plaintiff's
17 motion for temporary restraining order was granted in
18 part and denied in part.  And that is ongoing, is that
19 what you're telling me?
20             MS. BORNSTEIN: Yes. I don't know the latest
21 status.  Originally I believe the discovery was to close
22 at the end of October and they got an extension, but I
23 don't know the date.
24             THE COURT: Any other pending litigation?
25             MS. BORNSTEIN: That's the only one I know.

```
 1                MS. O'DEA: There are other statutes out
 2   there but I don't believe there have been challenges.
 3                THE COURT:  In terms of the statutes, have
 4   you referred me to those in the briefs?  I think I saw
 5   reference to other statutes.
 6                MS. BORNSTEIN: Yes, Connecticut, and Alaska,
 7                MS. O'DEA: Idaho.
 8                MS. BORNSTEIN: Idaho?  I don't think I know
 9   of that one. I appreciate that.
10                THE COURT:  I can't remember if you asked
11   for oral argument.
12                MR. NELSON: We have not asked for oral
13   argument.
14                THE COURT:  Have you?
15                MS. O'DEA:  No, we have not.
16                THE COURT:  Anything else that you want to
17   tell me?
18                MS. BORNSTEIN: With respect to stipulation
19   of facts, for purposes of deciding the present motion we
20   would be willing to stipulate to the facts that the
21   Attorney General submitted, just for purposes of the
22   motion, but without waiving our motion to strike those
23   facts. We have argued, and we filed a reply brief on
24   that yesterday, I don't know if the Court has received
25   it.
```

1            THE COURT: I received notice that it was
2    ready in electronic case files.
3            MS. BORNSTEIN: Our position is that the
4    facts that they submitted are not material, but for
5    purposes of having the motion decided we are willing to
6    stipulate to their existence but not to their
7    materiality.
8            THE COURT: What does that do to your motion
9    to strike?  What I hear you saying is that you are
10   willing to admit to the facts for purposes of the
11   pending motion in which you argue they are irrelevant to
12   the outcome.
13           MS. BORNSTEIN: We would still like you to
14   grant the motion to strike, but in terms of are we
15   contesting them, do you need to resolve disputes of
16   facts.  If you decided that they were material, we would
17   stipulate to them for purposes of deciding the motion.
18           THE COURT:  I have not read the motion but
19   it sounds to me that maybe its moot because what I hear
20   you saying is that you don't contest their validity, you
21   just want to argue that they're irrelevant to my
22   decision.  What is there for me to strike?
23           MS. BORNSTEIN: Our position is that if they
24   are not material then they should not be a part of the
25   record.

```
 1                THE COURT:  I will treat it that, the ruling
 2   is the motion is moot because there is no conflict as to
 3   whether the facts are accurate or not but I will
 4   consider all of the plaintiff's arguments considering
 5   materiality but that they did not affect the outcome.
 6                Anything else?
 7                MS. BORNSTEIN: No your Honor.
 8                MS. O'DEA: No, your Honor.
 9                MR. STERN: With respect to, assuming the
10   motion is not granted, in some form of providing
11   information back and forth in discovery, is the Court
12   going to set a schedule then?
13                THE COURT:  I am.  But if you have input
14   provide it now, and I'm not prejudging now how I will
15   rule. But if it is denied, for example, how long would
16   you need to put together your affidavit or stipulation
17   or statement of facts?
18                MS. BORNSTEIN: Your Honor, I'm not prepared
19   to state that.  I have not consulted with our clients
20   about that.  I would be prepared to consult with them
21   quickly and first discuss with the defendants to see if
22   we could agree to a decision and submit it to the Court.
23   I apologize, I'm not prepared.
24                THE COURT: I'm assuming we're talking 30 to
25   60 days?
```

```
 1                MS. BORNSTEIN:  It's not going to be more
 2   than that because we are interested in a quick and
 3   expeditious resolution because it affects everyone's
 4   service.
 5                MR. STERN:  I think what we need to do, 30 to
 6   60 days, assuming the Court denies their motion, I think
 7   there will be discussions back and forth on how to
 8   expedite matters and we can get back to the Court with,
 9   if not an agreed schedule, perhaps different versions.
10                This has reached the Court, from my
11   perspective, in somewhat of unusual circumstances, with
12   a motion for summary judgment rather than a motion for
13   preliminary injunction.  It was filed almost immediately
14   and it sort of short circuited the usual process that
15   I'm used to.  We have not had the opportunity to engage
16   in the filing of motions, filing notices of deposition
17   or some discovery to find out what they have and cut it
18   down.
19                THE COURT:  Well, I will entertain any
20   suggestions that you make up until my ruling.
21                At the time of the ruling I will put out a
22   schedule. You are certainly free to ask me to modify it.
23   I continue to think, I have read the briefs in many of
24   the cases and I can't imagine that there are significant
25   factual disputes.  You may prove me wrong but just from
```

```
 1   the arguments here I would be surprised that the factual
 2   disputes were more than peripheral. Anything else?
 3              MS. O'DEA: Nothing further, your Honor
 4              MS. BORNSTEIN: Nothing.
 5              THE COURT:  Enjoy the cold weather.
 6              (Whereupon the conference was concluded at
 7   9:24 AM).
 8              CERTIFICATE
 9      I hereby certify the foregoing is a true and accurate
10   transcript of my stenographic notes taken at the time
11   and place herein set forth.
12      Dated at Portland, Maine, this 9th day of January
13   2004.
14
15
16              Official Court Reporter
17
18
19
20
21
22
23
24
25
```

| 0 | automatic - 3:14 | constitutionality - 2:9, 4:25 | docket - 2:4 | front - 5:20 |
|---|---|---|---|---|
| **03-178** - 2:4 | **avoid** - 4:13 | **consult** - 7:23 | **Docket** - 1:6 | **full** - 5:4 |
| **03-178-dbh** - 1:6 | **aware** - 2:13 | **consulted** - 7:22 | **done** - 2:18, 3:10, 5:8 | **G** |
| **2** | **B** | **consumers** - 3:25 | **down** - 3:11, 4:8, 8:9 | **General** - 1:9, 2:4, 6:23 |
| **2004** - 1:14, 2:2, 8:19 | **based** - 2:9, 2:21, 2:24, 3:2 | **contest** - 7:10 | | **generally** - 4:1 |
| **22nd** - 5:17 | **beginning** - 2:2 | **contesting** - 7:8 | **E** | **Gignoux** - 1:13, 2:2 |
| **3** | **behalf** - 3:13 | **continue** - 8:12 | **easiest** - 4:12 | **governing** - 6:5 |
| **30** - 7:25, 8:3 | **beliefs** - 4:22 | **correct** - 4:1, 4:3, 4:4 | **Eastern** - 5:23 | **grant** - 7:7 |
| **6** | **best** - 4:7 | **Correct** - 4:3 | **Edward** - 1:13, 2:2 | **granted** - 6:9, 7:18 |
| **60** - 7:25, 8:3 | **Bh** - 2:4 | **Court** - 1:2, 1:13, 1:20, 2:1, 2:3, 2:24, 3:3, 3:8, 3:11, 3:12, 3:20, 4:1, 4:4, 4:6, 4:17, 5:9, 5:10, 5:18, 5:20, 5:21, 6:7, 6:8, 6:12, 6:14, 6:18, 6:20, 6:21, 6:25, 7:1, 7:4, 7:9, 7:13, 7:18, 7:19, 7:24, 7:25, 8:3, 8:4, 8:5, 8:10, 8:15, 8:21 | **effect** - 2:25, 3:3 | **group** - 5:16 |
| **8** | **Bornstein** - 1:16, 2:14, 3:4, 4:3, 4:5, 4:11, 5:8, 5:11, 5:19, 5:21, 5:22, 6:8, 6:10, 6:13, 6:16, 6:17, 6:22, 7:2, 7:7, 7:12, 7:16, 7:22, 8:1, 8:15 | | **either** - 3:14, 4:8 | **guess** - 3:15, 3:17 |
| **8th** - 1:14, 2:2 | | | **electronic** - 7:1 | **gun** - 2:13 |
| **9** | | | **end** - 6:11 | **H** |
| **9:00** - 2:2 | | | **engage** - 8:8 | **Hampshire** - 1:5, 2:4 |
| **9:24** - 8:16 | **brief** - 2:7, 2:18, 6:24 | | **Enjoy** - 8:15 | **hands** - 4:2, 5:2 |
| **9th** - 8:19 | **briefed** - 4:25 | | **enter** - 3:12, 3:14 | **hard** - 3:22, 3:23 |
| | **briefing** - 2:17, 2:18 | **Courthouse** - 1:13, 2:2 | **entered** - 3:10, 3:20 | **hear** - 7:5, 7:10 |
| **A** | **briefs** - 6:15, 8:12 | **cross** - 2:17, 2:18 | **entertain** - 8:10 | **hearing** - 2:12 |
| **able** - 3:5 | **Brock** - 1:13, 2:1 | **customers** - 3:6 | **error** - 2:10 | **held** - 1:12, 2:1 |
| **accurate** - 7:14, 8:17 | **Brown** - 5:14 | **cut** - 8:9 | **Esq** - 1:16, 1:17, 1:18 | **hereby** - 8:17 |
| **Action** - 1:5 | **C** | **D** | **et** - 1:6, 2:4 | **herein** - 8:18 |
| **actual** - 2:25 | **capacity** - 1:8 | **Daniels** - 5:21 | **eventually** - 3:19 | **Hon** - 1:12, 2:1 |
| **adjusted** - 3:7 | **Carrier** - 6:4 | **date** - 6:12 | **evidence** - 2:25, 3:3 | **honest** - 4:9 |
| **admit** - 7:5 | **carrier** - 5:16 | **Dated** - 8:19 | **exactly** - 2:8 | **Honor** - 2:14, 7:16, 7:17, 7:22, 8:14 |
| **affect** - 7:15 | **carriers** - 2:25, 3:6, 3:22, 3:23, 3:25, 5:17, 6:3 | **days** - 7:25, 8:3 | **example** - 7:20 | **hopefully** - 3:2 |
| **affects** - 2:23, 8:2 | | **deadlines** - 5:3 | **exercise** - 3:19 | **hoping** - 3:1 |
| **affidavit** - 4:14, 4:17, 7:21 | **Carriers** - 5:19 | **deal** - 4:7 | **existence** - 7:3 | **Hornby** - 1:13, 2:1 |
| **affidavits** - 4:5, 4:10, 5:8 | **carriers'** - 2:23 | **decide** - 2:13, 4:10, 4:12 | **expect** - 2:5 | **I** |
| **agree** - 3:2, 4:23, 7:24 | **case** - 2:14, 3:17, 5:8, 5:17, 5:18, 5:22, 5:23, 5:24, 6:5, 7:1 | **decided** - 5:7, 5:13, 5:14, 7:3, 7:8 | **expedite** - 8:4 | **Idaho** - 6:16, 6:17 |
| **agreed** - 8:5 | | **deciding** - 4:13, 6:22, 7:9 | **expeditious** - 2:21, 8:2 | **imagine** - 3:4, 5:5, 8:12 |
| **agreement** - 4:20 | **cases** - 5:10, 8:12 | **decision** - 2:12, 2:13, 6:7, 7:11, 7:24 | **expeditiously** - 4:13 | **immediately** - 8:7 |
| **ahead** - 5:1 | **certain** - 3:6 | **decisions** - 5:11 | **expressed** - 2:21, 2:24, 3:2 | **important** - 4:23 |
| **aided** - 1:23 | **certainly** - 3:10, 3:24, 6:3, 8:11 | **defendant** - 2:7, 3:4, 4:10, 4:20 | **extension** - 6:11 | **improper** - 3:9 |
| **al** - 1:6, 2:4 | **Certificate** - 8:17 | **Defendant** - 1:10, 1:18 | **F** | **included** - 6:1 |
| **Alaska** - 6:16 | **certify** - 8:17 | **defendants** - 2:15, 2:16, 4:2, 5:4, 7:23 | **face** - 2:21 | **incorrect** - 4:4 |
| **alert** - 5:10 | **challenge** - 5:15 | | **facial** - 3:21, 4:24 | **Indian** - 5:24 |
| **allegations** - 6:1 | **challenged** - 2:22 | **denied** - 2:24, 6:9, 7:20 | **facially** - 4:8 | **inexpensive** - 4:13 |
| **almost** - 8:7 | **challenges** - 6:14 | **denies** - 8:3 | **facials** - 4:7 | **information** - 4:2, 5:4, 7:18 |
| **American** - 5:25 | **Chamber** - 1:12 | **deny** - 3:16 | **fact** - 3:25 | **initial** - 2:20 |
| **anticipate** - 3:24 | **chamber** - 2:1 | **deposition** - 8:8 | **facts** - 2:9, 2:21, 3:18, 3:19, 3:21, 3:22, 3:23, 3:24, 4:4, 4:9, 4:16, 6:22, 6:23, 6:24, 7:2, 7:5, 7:8, 7:14, 7:21 | **injunction** - 6:6, 8:7 |
| **apologize** - 5:23, 7:24 | **cigarettes** - 5:12 | **depositions** - 4:6, 4:12, 4:13, 4:16, 4:20, 4:21, 4:24 | | **input** - 7:19 |
| **appeal** - 5:3 | **Circuit** - 5:15 | | | **inquiry** - 4:19 |
| **appear** - 2:9 | **circuited** - 8:7 | **determination** - 4:14 | | **intend** - 3:11 |
| **Appearances** - 1:16 | **circumstances** - 8:6 | **determine** - 4:21 | | **intended** - 2:17 |
| **applies** - 5:17 | **civil** - 2:3 | **developed** - 3:1 | | **interested** - 4:12, 8:1 |
| **appreciate** - 6:17 | **Civil** - 1:5 | **different** - 8:5 | **factual** - 3:21, 4:18, 4:22, 8:13 | **interview** - 4:23 |
| **argue** - 7:6, 7:11 | **clause** - 5:15 | **direction** - 4:8 | **familiar** - 6:7 | **interviews** - 4:20 |
| **argued** - 4:25, 5:17, 6:24 | **clients** - 7:22 | **discovering** - 4:2 | **far** - 5:6 | **irrelevant** - 7:6, 7:11 |
| **argument** - 6:2, 6:18, 6:19 | **close** - 6:11 | **discovery** - 4:11, 6:11, 7:18, 8:9 | **favor** - 3:20, 4:14, 5:2 | **issue** - 2:12, 2:15, 4:9, 4:24 |
| **arguments** - 5:25, 6:4, 7:15, 8:13 | **cold** - 8:15 | **Discovery** - 4:2 | **federal** - 5:21, 6:5 | **issues** - 2:12, 4:22, 5:11 |
| **Association** - 2:4, 5:19, 6:4 | **commerce** - 5:14, 5:15 | **discuss** - 2:5, 2:11, 7:23 | **Federal** - 3:13 | **J** |
| **associations** - 5:16 | **comparable** - 5:11 | **discussions** - 8:4 | **felt** - 4:15 | **January** - 1:14, 2:2, 8:19 |
| **assume** - 4:14 | **complaint** - 6:1 | **dispute** - 3:3, 3:23, 3:24 | **file** - 3:11, 4:10 | **Judge** - 5:21, 6:7 |
| **assuming** - 7:17, 7:25, 8:3 | **comply** - 3:7 | **disputed** - 2:9 | **filed** - 3:20, 5:16, 6:24, 8:7 | **judge** - 3:14, 5:24 |
| **Assuming** - 4:7 | **computer** - 1:23 | **disputes** - 3:21, 7:8, 8:13, 8:14 | **files** - 7:1 | **judgment** - 2:6, 2:7, 2:15, 2:16, 2:23, 3:10, 3:12, 3:13, 3:14, 3:19, 5:1, 5:8, 5:17, 8:6 |
| **Attorney** - 1:9, 2:4, 6:23 | **concerning** - 4:22 | **district** - 5:21 | **filing** - 8:8 | |
| | **concluded** - 8:16 | **District** - 1:2, 1:3, 1:13, 2:1, 5:22, 5:23 | **final** - 2:12 | |
| | **concluding** - 2:7 | | **first** - 2:14, 3:9, 4:7, 4:18, 7:23 | |
| | **Conference** - 1:12 | | **follows** - 1:14, 2:3, 5:2 | |
| | **conference** - 2:1, 2:5, 8:16 | | **foregoing** - 8:17 | |
| | **conflict** - 7:14 | | **form** - 7:18 | |
| | **Connecticut** - 6:16 | | **forth** - 7:18, 8:4, 8:18 | **July** - 5:17 |
| | **consequences** - 5:2 | | **forward** - 2:25, 4:7, 4:24 | |
| | **consider** - 4:8, 7:15 | | **frankly** - 3:17 | **K** |
| | **considering** - 7:15 | | **free** - 8:11 | |

| | | | | |
|---|---|---|---|---|
| **knowing** - 5:12 | **notes** - 8:18<br>**Nothing** - 8:14, 8:15<br>**notice** - 3:15, 7:1<br>**notices** - 8:8<br>**number** - 2:4, 3:22 | **presumably** - 5:3<br>**presume** - 4:4<br>**prices** - 2:23<br>**procedural** - 2:5, 2:15, 3:17<br>**procedurally** - 3:9<br>**Procedurally** - 2:16, 2:18<br>**proceed** - 4:9<br>**Proceedings** - 1:12<br>**process** - 8:7<br>**produce** - 2:25, 4:5<br>**produced** - 1:23<br>**products** - 3:25<br>**prohibits** - 5:12<br>**properly** - 2:19<br>**prove** - 8:13<br>**provide** - 3:7, 7:20<br>**providing** - 3:6, 5:4, 7:18<br>**provision** - 2:23<br>**provisions** - 3:8<br>**purposes** - 2:12, 6:22, 6:23, 7:3, 7:5, 7:9<br>**put** - 7:21, 8:11 | **Secondly** - 2:8<br>**see** - 4:14, 4:18, 7:23<br>**seem** - 5:7, 5:9<br>**service** - 8:2<br>**services** - 3:3, 3:6, 3:7, 6:5<br>**set** - 5:2, 5:3, 7:19, 8:18<br>**shipping** - 3:25<br>**short** - 8:7<br>**show** - 3:19<br>**showing** - 2:22, 2:25, 3:3, 3:6<br>**shy** - 2:13<br>**side** - 2:20, 3:15, 5:4<br>**sides** - 5:7<br>**significant** - 8:12<br>**similar** - 5:8<br>**simple** - 4:4<br>**simpler** - 4:23<br>**simply** - 3:16, 4:25<br>**situation** - 6:4<br>**Skretny** - 6:7<br>**solely** - 5:16<br>**somewhat** - 3:5, 8:6<br>**sort** - 8:7<br>**sounds** - 7:10<br>**sovereignty** - 5:25<br>**specific** - 5:25<br>**Spitzer** - 5:20<br>**stage** - 4:17<br>**stand** - 2:8<br>**standing** - 6:2, 6:3<br>**starting** - 4:19<br>**State** - 1:9, 3:6, 3:13<br>**state** - 2:9, 6:2, 7:22<br>**statement** - 4:10, 7:21<br>**statements** - 4:18, 4:21<br>**States** - 1:2, 1:13, 2:1<br>**status** - 4:22, 6:11<br>**statute** - 2:9, 2:21, 2:22, 2:24, 3:12, 3:18, 5:11, 5:13, 5:15, 5:16, 6:1<br>**statutes** - 6:13, 6:14, 6:15<br>**stenographic** - 8:18<br>**stenography** - 1:22<br>**step** - 4:19<br>**Stern** - 1:18, 7:17, 8:3<br>**Steven** - 1:8<br>**still** - 7:7<br>**stipulate** - 2:11, 6:23, 7:3, 7:9<br>**stipulation** - 6:22, 7:21<br>**stopped** - 3:6, 3:25<br>**strike** - 4:8, 6:24, 7:5, 7:7, 7:11<br>**submit** - 4:23, 7:24<br>**submitted** - 6:23, 7:2<br>**substantive** - 2:15<br>**Substantively** - 2:19<br>**suggesting** - 4:23<br>**suggestion** - 4:17<br>**suggestions** - 8:10<br>**suit** - 5:16<br>**summary** - 2:6, 2:16, 2:23, 3:10, 3:14, 5:1, 5:8, 5:17, 8:6<br>**surprised** - 5:6, 8:13 | **T**<br>**temporary** - 6:9<br>**terms** - 2:21, 2:24, 3:2, 3:21, 4:3, 5:10, 6:14, 7:7<br>**Terry**- 1:20<br>**tested** - 4:15<br>**testimony** - 3:5<br>**themselves** - 3:22<br>**Thereafter**- 5:16<br>**third** - 5:13, 5:22<br>**throughout** - 2:23<br>**Tobacco**- 5:24<br>**tobacco** - 3:25<br>**today** - 2:6<br>**together** - 7:21<br>**Transcript**- 1:12, 1:22, 2:1<br>**transcript** - 1:23, 8:18<br>**Transport**- 1:6, 2:4<br>**transportation** - 5:12<br>**transported** - 4:3<br>**treat** - 4:25, 7:13<br>**trial** - 5:5, 5:7<br>**tribes** - 5:25<br>**tried** - 2:20<br>**true** - 8:17<br>**try** - 2:20, 2:23<br>**turn** - 4:22<br>**two** - 5:12 |
| **L** | **O** | | | |
| **largely** - 5:25<br>**last** - 5:17<br>**latest** - 6:10<br>**law** - 2:7, 3:11, 3:18, 4:22, 5:7<br>**laws** - 6:5<br>**lawsuits** - 5:13<br>**lead** - 5:19<br>**legal** - 2:10<br>**lie** - 3:22<br>**light** - 2:13, 4:21, 5:6<br>**likely** - 3:3, 4:15, 5:11<br>**litigate** - 3:1<br>**litigation** - 6:12<br>**logical** - 4:9, 4:18, 5:7, 5:9<br>**look** - 3:2 | **O'dea** - 1:18, 3:8, 3:9, 3:17, 3:21, 4:15, 5:9, 6:13, 6:16, 6:20, 7:17, 8:14<br>**obviously** - 5:2<br>**occasion** - 3:10<br>**October**- 6:11<br>**official** - 1:8<br>**Official** - 1:20, 8:21<br>**one** - 3:24, 5:2, 5:14, 6:6, 6:13, 6:17<br>**ongoing** - 6:9<br>**opportunity** - 2:18, 2:25, 4:14, 8:8<br>**opposed** - 5:7<br>**opposition** - 3:9<br>**oral** - 6:18, 6:19<br>**order** - 3:7, 6:9<br>**Originally**- 6:11<br>**outcome** - 7:6, 7:15<br>**own** - 3:11, 3:20 | **Q**<br>**quick** - 8:1<br>**quickly** - 7:23 | | **U**<br>**uniformity** - 6:5<br>**United** - 1:2, 1:13, 2:1<br>**unusual** - 3:17, 8:6<br>**up** - 8:10<br>**upheld** - 5:15<br>**usual** - 8:7 |
| **M** | **P** | **R** | | **V**<br>**validity** - 7:10<br>**versions** - 8:5<br>**versus** - 2:4, 3:21, 5:14, 5:19, 5:22 |
| **Maine** - 1:3, 1:9, 1:13, 2:2, 2:4, 3:7, 3:11, 3:25, 8:19<br>**manner** - 3:17<br>**material** - 7:2, 7:8, 7:12<br>**materiality** - 7:4, 7:15<br>**matter** - 2:7, 2:11, 3:11, 3:18, 5:6, 5:7<br>**matters** - 2:5, 2:6, 8:4<br>**mean** - 3:22<br>**meant** - 3:24<br>**mechanical** - 1:22<br>**Melissa** - 1:18<br>**memorandum** - 2:10<br>**Michael** - 1:17<br>**might** - 4:8, 4:20, 4:23<br>**modify** - 8:11<br>**moot** - 7:10, 7:14<br>**most** - 4:15, 5:12<br>**motion** - 2:16, 2:17, 2:18, 2:20, 2:24, 3:11, 3:15, 3:16, 3:20, 5:1, 6:9, 6:22, 6:24, 7:3, 7:4, 7:6, 7:7, 7:9, 7:14, 7:18, 8:3, 8:6<br>**motions** - 8:8<br>**Motor** - 1:5, 2:4<br>**move** - 2:17, 2:20, 2:23<br>**moved** - 2:6, 6:6 | **paragraph** - 2:7<br>**paramount** - 4:22<br>**part** - 3:4, 6:9, 7:12<br>**Pataki** - 5:14, 5:22<br>**Paul** - 1:18<br>**Pauline** - 1:20<br>**pending** - 5:10, 5:13, 5:23, 6:12, 7:6<br>**people** - 4:20, 5:12<br>**perhaps** - 8:5<br>**peripheral** - 8:14<br>**perspective** - 8:6<br>**pharmaceutical** - 2:13<br>**place** - 8:18<br>**Plaintiff** - 1:16<br>**plaintiff** - 2:6, 3:22, 4:18, 5:19<br>**plaintiff's** - 2:17, 4:20, 5:1, 5:2, 5:3, 5:4, 6:8, 7:15<br>**plaintiffs** - 3:13, 4:10, 4:23, 5:24, 6:5<br>**Plaintiffs** - 1:6<br>**plans** - 3:14<br>**pleadings** - 2:10<br>**point** - 3:9, 4:10, 4:18, 5:3<br>**police** - 3:19<br>**Portland** - 1:13, 2:2, 8:19<br>**position** - 7:2, 7:12<br>**possible** - 2:11, 4:13, 5:6<br>**power** - 3:19<br>**preempt** - 3:12<br>**preempted** - 2:22, 3:18, 6:1<br>**prejudging** - 7:20<br>**preliminarily** - 2:14<br>**preliminary** - 2:10, 2:12, 6:6, 8:7<br>**premature** - 2:19, 3:5<br>**prepared** - 7:22, 7:23, 7:24<br>**present** - 6:22<br>**presenting** - 5:5 | **raise** - 6:2<br>**rather** - 4:19, 8:6<br>**reached** - 8:5<br>**reaction** - 4:15<br>**read** - 7:9, 8:12<br>**ready** - 7:1<br>**really** - 3:16, 3:23<br>**received** - 6:25, 7:1<br>**record** - 2:11, 3:1, 7:13<br>**recorded** - 1:22<br>**reference** - 6:15<br>**referred** - 6:15<br>**referring** - 6:7<br>**regardless** - 3:19<br>**relatively** - 4:4<br>**remember** - 6:18<br>**reply** - 6:24<br>**Reporter**- 1:20, 8:21<br>**represent** - 5:16<br>**resolution** - 2:21, 8:2<br>**resolve** - 7:8<br>**respect** - 6:22, 7:17<br>**response** - 2:15, 3:20<br>**responses** - 5:4<br>**restraining** - 6:9<br>**Retailers**- 5:24<br>**review** - 2:10<br>**Reynolds**- 1:18<br>**road** - 3:11<br>**Rowe**- 1:8<br>**rule** - 5:1, 5:3, 7:20<br>**Rule**- 3:13<br>**ruling** - 4:24, 5:1, 5:18, 7:13, 8:10, 8:11<br>**Ruth**- 1:16 | | **W**<br>**waiving** - 6:24<br>**Ward** - 5:22, 6:5<br>**ways** - 2:22<br>**weather** - 8:15<br>**wide** - 4:18<br>**Williamson** - 5:14<br>**willing** - 6:23, 7:3, 7:5 |
| **N** | | **S** | | **Y**<br>**year** - 5:17<br>**yesterday** - 6:25<br>**York** - 5:12, 5:19, 5:23 |
| **name** - 5:18, 5:24<br>**narrow** - 4:18<br>**Nation** - 5:24<br>**native** - 5:25<br>**necessary** - 4:24<br>**need** - 2:8, 6:5, 7:8, 7:21, 8:3<br>**needed** - 4:11, 4:15, 4:21<br>**negotiate** - 2:16<br>**Nelson** - 1:17, 6:19<br>**never** - 2:17<br>**New** - 1:5, 2:4, 5:11, 5:12, 5:19, 5:23<br>**next** - 4:6, 4:19<br>**No.cv** - 1:6 | | **saw** - 6:15<br>**schedule** - 2:17, 5:4, 7:19, 8:5, 8:11<br>**second** - 2:11, 3:4<br>**Second** - 5:15, 5:22 | | |