UNITED STATES DISTRICT COURT

FOR THE
DISTRICT OF MAINE

| | |
|---|---|
| NEW HAMPSHIRE MOTOR TRANSPORT ASSOCIATION, MASSACHUSETTS MOTOR TRANSPORTATION ASSOCIATION, INC., AND VERMONT TRUCK & BUS ASSOCIATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> G. STEVEN ROWE, in his official capacity as Attorney General for the State of Maine, <br><br> Defendant. | CIVIL ACTION NO.: 03-CV-178-DBH |

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND FOR PARTIAL MOTION TO DISMISS
WITH INCORPORATED MEMORANDUM OF LAW**

NOW COMES the defendant, G. Steven Rowe, in his official capacity as Attorney General for the State of Maine, and moves to dismiss plaintiffs' "as applied" claim and for summary judgment on plaintiffs' facial challenge. As a basis therefore, the defendant states the following:

**BACKGROUND**

Plaintiffs are the motor transport associations of New Hampshire, Vermont and Massachusetts, which, by their own allegations have as many as 900 members. Complaint, ¶¶ 7, 8, & 9. In their complaint, plaintiffs aver that some of those members

"are, have been, and/or desire to be engaged in the transportation of tobacco products" into Maine. *Id.*

In *New Hampshire Motor Transp. Ass'n v. Rowe,* 301 F. Supp. 2d 38 (D.Me. 2004), this Court denied plaintiffs' motion for summary judgment which asserted that portions of Maine's Tobacco Delivery Law, 22 M.R.S.A. §§ 1551, *et seq,* (hereafter the "Challenged Provisions") are facially preempted by the Federal Aviation Administration Authorization Act of 1994 (the "FAAAA"). The conclusions in that decision form the basis of defendant's motion for summary judgment on the facial challenge.

Plaintiffs also seek to present an "as applied" challenge to the Maine statute based, apparently, on evidence provided by one of its members (United Postal Service ("UPS")), but take the position that all of their members are immune from discovery, other than perhaps Rule 45 deposition subpoenas. The parties appear to agree that in order to succeed on an "as applied" claim, plaintiffs must show that the Challenged Provisions have an impermissible "significant effect" on the carriers' services.[1] Transcript of Conference of Counsel (hereafter "Tr."), at 8 (March 29, 2004). Plaintiffs' counsel noted that he did not think that the plaintiffs themselves "will have the documents of interest to the defense" and "in all probability are going to be empty vessels." *Id.* at 11 & 18. Under the law pertaining to associational standing, we suggest that these plaintiffs have no standing to pursue an "as-applied" challenge. Indeed, it is no coincidence that the case upon which plaintiffs primarily rely, handled by their present law firm, was one not brought by an association but by UPS. *United Parcel Service, Inc. v. Flores-Galarza,* 318 F.3d 323, 334 (1st Cir. 2003).

---

[1] This assumes, *arguendo,* that the plaintiffs can overcome the presumption against preemption.

# ARGUMENT

## I. Plaintiffs' Facial Preemption Claim is Without Merit.

At the outset of litigation, plaintiffs moved for summary judgment, asking this Court to find that the Challenged Provisions are facially preempted by the FAAAA, and therefore unconstitutional. *Plaintiffs' Motion for Summary Judgment with Incorporated Memorandum of Law.* On February 6, 2004, this Court denied plaintiffs' motion, holding that the Challenged Provisions are not facially preempted. *New Hampshire Motor Transp. Ass'n v. Rowe,* 301 F. Supp. 2d 38 (D.Me. 2004). In reaching that conclusion, this Court noted that the Challenged Provisions are a legitimate exercise of the state's historic police powers to prevent the delivery of contraband tobacco to minors, and that Congress did not intend to preempt such laws. *Id.* Accordingly, based upon the "law of the case" doctrine, this Court should enter summary judgment for defendant on plaintiffs' facial challenge. *Ellis v. United States*, 313 F.3d 636, 647-48 (1st Cir. 2002).

## II. Plaintiff Associations Have No Standing to Bring an "As Applied" Preemption Challenge to the Maine Tobacco Delivery Law.

Plaintiff associations have no standing to vindicate their members' "as-applied" preemption claims because those claims are fact specific, requiring participation of each carrier. "[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the

lawsuit." *Hunt v. Washington State Apple Advert. Comm'n,* 432 U.S. 333, 343 (1977). The third prong of this test is prudential in nature, and is best seen as focusing on matters of administrative convenience and efficiency. *United Food & Commer. Workers Union Local 751 v. Brown Group*, 517 U.S. 544, 556 (1996). Plaintiffs' failure to meet this prong mandates the conclusion that it has no standing to bring its members' "as-applied" preemption claims for at least three reasons: first, the alleged "significant effect" of the Maine statute rests entirely upon how a particular carrier runs its business; second, the discovery necessary to defend the statute against an "as applied" challenge requires discovery upon, and therefore the participation of, the entities whose services are being "significantly effected," but plaintiffs assert that such entities are beyond the reach of direct discovery; and, third, any "as applied" challenge is not lost, but can be presented in a suit by each of the members in which that they may attempt to prove as a matter of fact that their services have been "significantly effected" by the Challenged Provisions.

### A. Plaintiffs' "As Applied" Preemption Cause of Action Requires Participation of Individual Carriers.

Assuming *arguendo* that the presumption against preemption can be overcome, in order to prevail, a plaintiff must demonstrate as a matter of fact that the state law being challenged has a forbidden significant effect on *its* services. *New Hampshire Motor Transport,* 301 F.Supp.2d at 42. The very nature of that claim requires the participation of the carriers themselves. This case will require particularized discovery from each such carrier regarding several fact-intensive issues, including in particular the actual effect of the Challenged Provisions on each carrier's computer tracking programs, sorting procedures, and delivery protocols. It is hard to believe, for example, that the effect of the Maine statute on UPS will be significant as a matter of fact as it has one of the largest and

most sophisticated computer tracking systems in the world[2] and already provides age verification services for as low as $1.75 per delivery.[3] Other carriers may have different services and systems, and the effect, if any, of the Maine statute upon each of them must be explored and litigated.[4]

Unlike the facial challenge denied by this Court, in which the focus was on the express terms of the statute, an "as-applied" challenge can succeed only upon a showing that the state law has an impermissible significant effect on a particular carrier's services as a matter of fact. Like claims for damages, "as-applied" challenges require the same sort of individualized assessment. *Warth v. Seldin*, 422 U.S. 490, 515-516 (1975). Simply put, individual members must participate in this proceeding because the claims made by plaintiffs require factual analysis that will vary from company to company, and no one but each member company has access to the relevant information. *See Camel Hair and Cashmere Inst. of Am. v. Lord & Taylor*, 799 F.2d 6, 12 (1st Cir. 1986) (participation of association members may be required where the evidence required to support the plaintiff's claim "differs from member to member"). "[C]ourts have been hesitant to discern standing on the part of a plaintiff group or association when the claims in issue require individualized assessments that would be difficult -- if not fundamentally unfair -- to undertake in the absence of potentially affected persons." *Maine State Bldg. & Constr. Trades Council v. Chao,* 265 F. Supp. 2d 105, 112 (D.Me. 2003)(Cohen, M.J.), affirmed on other grounds *sub nom, Maine State Bldg. & Constr. Trades Council v. United States*

---

[2] See description of the system, which has 4,450 technology employees, at http://www.ups.com/content/us/en/about/facts/technology.html.
[3] UPS has in place a "$1.75 additional charge for Delivery Confirmation/Adult Signature Required." *See* http://www.ups.com/content/us/en/resources/select/sending/options/delivery.html
[4] Moreover, it would appropriate discovery for defendant to seek any studies done by a member on the effects of the Challenged Provisions.

*DOL,* 2004 U.S. App. LEXIS 3239 (1st Cir. 2004).  *See, Rent Stabilization Ass'n v. Dinkins,* 5 F.3d 591, 597-98 (2nd Cir. 1993)("Treating the due process challenge, then, as 'as applied,' we agree with the district court that the RSA lacks standing to bring the claim. The determination in a particular case that a landlord has been arbitrarily deprived of this property interest in a constitutionally adequate return will depend on the same individualized economic and financial data on which the takings analysis would depend. . . . Because we believe that resolution of the RSA's due process claim requires the individual participation of its members, we hold that the association lacks standing to bring that claim.")  *See also, New York State NOW v. Pataki,* 261 F.3rd 156, 171 n.4 (2nd Cir. 2001)(dismissal proper where "as applied" "challenge would plainly require examination of facts specific to each claimant").  Associations do not automatically satisfy the third prong of associational standing test "simply by requesting equitable relief rather than damages."  *Bano, et al.  v. Union Carbide Corporation, et al.,* 2004 U.S. App. LEXIS 5003 (2nd Cir., March 17, 2004).  "An organization lacks standing to assert claims of injunctive relief on behalf of its members where 'the fact and extent' of the injury that gives rise to the claims for injunctive relief 'would require individualized proof.'"  *Id.* (quoting *Warth v. Seldin*, 422 U.S. at 515-16).

In the present case, the alleged injury that gives rise to the claims for injunctive relief requires individualized proof.  It is clear that the peculiar aspects of each carrier will impact on any claim to "as applied" preemption, and the participation of carriers claiming a "significant effect" on their services is necessary.  We therefore ask this Court to conclude that plaintiffs have not met the prudential prong of associational standing for "as applied" preemption, and dismiss that claim.

**B. The "As Applied" Preemption Challenge Requires the Participation of Individual Carriers in Discovery.**

Plaintiff associations have stated that the defendant will have to engage in third-party discovery to obtain information from its members because, quite simply, the associations are "empty vessels." Tr. at 18.[5] At this juncture, plaintiffs have not even provided the names of their members, despite our requests that they do so, and have stated to the Court that the plaintiffs "won't have knowledge of the details as to each of their hundreds of members." Tr. at 10. If plaintiffs do not have such details, how are defendants to obtain them to defend against the "as applied" claims of those very same members?

Plaintiffs' approach, that allows companies to create associations to "vindicate" their rights, but then allows those companies to hide behind those associations, is fundamentally unfair. Courts do not allow a plaintiff to "use associational standing as a sword to avoid defenses and shift the burden of production while hiding behind the standing as a way to evade discovery requests." *Builder's Association of Greater Chicago v. Chicago,* 2003 U.S. Dist. LEXIS 1896, *6 (N.D. Ill. 2003). Other cases also contemplate the need for discovery in order to allow the parties to assess the individual circumstances of the members. *See, Camel Hair and Cashmere Inst. of Am. v. Lord & Taylor*, 799 F.2d 6, 12 (1st Cir. 1986); *Maine State Bldg. & Constr. Trades Council v. Chao,* 265 F. Supp. 2d 105, 112 (D.Me. 2003)(Cohen, M.J.), affirmed on other grounds *sub nom, Maine State Bldg. & Constr. Trades Council v. United States DOL,* 2004 U.S. App. LEXIS 3239 (1st Cir. 2004); s*ee also, New York State NOW v. Pataki,* 261 F.3rd

---

[5] At the conference of counsel, Plaintiffs' counsel expressed reluctance to accept service of subpoenas on behalf of the plaintiffs' members – even of behalf of UPS, who plaintiffs' counsel represents in other matters – or to have them appear in Maine where the members brought the suit. Tr. at 21.

156, 171 n.4 (2nd Cir. 2001); *Rent Stabilization Ass'n v. Dinkins,* 5 F.3d 591, 597-98 (2nd Cir. 1993); *Hospital Council of Western Pennsylvania v. Pittsburgh,* 949 F.2d 83, 90 (3d Cir. 1991)("[a]djudication of [] claims would likely require that member hospitals provide discovery").[6]

Defendant cannot reasonably defend this case without the participation of those common carriers who plaintiffs allege have historically delivered tobacco to consumers, or have a desire to do so. It is no solace that plaintiffs suggest they must carry their burden (which is in actuality the burden of their members), and will present whatever facts they and their members believe is appropriate. Discovery is not so limited as to allow one party to completely control discovery and the exploration of the facts. Plaintiffs' strategy of using associational standing to challenge a statute on behalf of its members but protect its members from discovery should not be countenanced. The very first Federal Rule is that the rules "shall be construed to secure the just, speedy and inexpensive determination of every action." It clearly is unjust to allow plaintiffs' members to use associational standing to avoid the discovery obligations of the rules.

Because the need for discovery is an integral part of the litigation process in an "as applied" preemption claim based upon the alleged significant effects of the Challenged Provisions, and because the plaintiffs have made clear that their members are not subject to discovery, the plaintiffs should be found not to possess associational standing over these "as applied" claims, and that challenge should be dismissed.

---

[6] We note that recently, over our objection, Judge Woodcock did find associational standing at the preliminary injunction stage regarding takings claims. *Pharmaceutical Care Mgmt. Ass'n v. Rowe,* 2004 U.S. Dist. LEXIS 3758, *12 (D.Me. 2004) ("Generally, where, as in this case, the court is addressing only the question of preliminary injunctive relief, the participation of individual members is not necessary.") We respectfully disagree with that conclusion, and the Court did not deal with these discovery issues in its ruling. Indeed the problems regarding member non-participation similar to the situation here are arising in that suit, which we expect will require that Court to revisit the issue.

**C. The "As Applied" Preemption Challenge Can Be Raised Elsewhere.**

The policy underlying associational standing is to permit a group, through a clearinghouse entity, to vindicate a claim common to all where it might be prohibitively difficult to so otherwise. *United Food & Commer. Workers Union Local 751 v. Brown Group*, 517 U.S. 544 (1996); *Warth v. Seldin*, 422 U.S. at 511. Here, that is decidedly not the case. "As applied" preemption claims such as this can be pursued by the members themselves, and they certainly know how to do so. In *United Parcel Service, Inc. v. Flores-Galarza,* 318 F.3d 323 (1st Cir. 2003), UPS through the same counsel brought a similar case, and successfully so. To the extent the Court might be hesitant to dismiss on associational standing grounds, such concerns should be assuaged by the fact that the "as applied" claim can easily be prosecuted using a more direct, and fair, vehicle: suit by those individual members who claim that the Challenged Provisions have an impermissible significant effect on their services.

## CONCLUSION

WHEREFORE defendant respectfully requests that this Court enter summary judgment in favor of defendant on plaintiffs' facial claims and dismiss plaintiffs' as-applied claims.

Dated: April 15, 2004

G. STEVEN ROWE
Attorney General

PAUL STERN
Deputy Attorney General

/s/ MELISSA REYNOLDS O'DEA
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, Maine 04333-0006
(207) 626-8800

## CERTIFICATE OF SERVICE

I, Melissa Reynolds O'Dea, Assistant Attorney General, hereby certify that today I electronically filed *Defendant's Motion for Partial Summary Judgment and for Partial Motion to Dismiss With Incorporated Memorandum of Law* with the Clerk of Court. There are no non-registered parties requiring service by first-class United States mail.

Date:  April 15, 2004                                             /s/  MELISSA REYNOLDS O'DEA
                                                                                  Assistant Attorney General