UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| NEW HAMPSHIRE MOTOR TRANSPORT ASSOCIATION, MASSACHUSETTS MOTOR TRANSPORTATION ASSOCIATION, INC., AND VERMONT TRUCK & BUS ASSOCIATION, INC.<br><br>Plaintiffs,<br><br>-v-<br><br>G. STEVEN ROWE, in his official capacity as Attorney General of the State of Maine,<br><br>Defendant. | Case No.  1:03-cv-178-DBH |

**PLAINTIFF CARRIER ASSOCIATIONS' OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT AND PARTIAL MOTION TO DISMISS**

**TABLE OF CONTENTS**

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| INTRODUCTION | 1 |
| ARGUMENT | 1 |
| I. THE ATTORNEY GENERAL'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE NON-EXISTENT "FACIAL PREEMPTION CLAIM" SHOULD BE DENIED. | 1 |
| II. THE ATTORNEY GENERAL'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE THERE IS ASSOCIATIONAL STANDING. | 4 |
|     A. The Carrier Associations' Claims Do Not Require Proof From Each Association Member. | 5 |
|     B. Courts Find Associational Standing For As-Applied Challenges Where Proof Is Limited To A Representative Member. | 7 |
|     C. The As-Applied Preemption Challenge Does Not Require The Individual Carriers To Participate In Discovery As Parties. | 8 |
| CONCLUSION | 10 |

**TABLE OF AUTHORITIES**

**CASES**

*Acton Corp. v. Borden, Inc.*,
    670 F.2d 377 (1st Cir. 1982) ..................................................................................... 3

*Bano v. Union Carbide Corp.*,
    361 F.3d 696 (2d Cir. 2004) ...................................................................................... 7

*Bethlehem Steel Export Corp. v. Redondo Constr. Corp.*,
    140 F.3d 319 (1st Cir. 1998) ..................................................................................... 3

*Boston & Me. R.R. v. Hooker*,
    233 U.S. 97 (1914) ............................................................................................. 3 n.4

*Builder's Ass'n v. City of Chicago*,
    No. 96 C 1122,
    2003 U.S. Dist. LEXIS 1896 (N.D. Ill. Feb. 10, 2003) ............................................ 9

*Camel Hair & Cashmere Inst. of Am., Inc. v Associated Dry Goods Corp.*,
    799 F.2d 6 (1st Cir. 1986) ..................................................................................... 6, 8

*Clark v. A.D.A. Access Today*,
    213 F.R.D. 198 (D.N.J. 2003) ................................................................................... 8

*Ellis v. United States*,
    313 F.3d 636 (1st Cir. 2002),
    *cert. denied*, __ U.S. __, 124 S. Ct. 99 (2003) .................................................. 3 n.3

*Forum for Academic & Institutional Rights, Inc. v. Rumsfeld*,
    291 F. Supp. 2d 269 (D.N.J. 2003) ..................................................................... 5 n.7

*Hosp. Council of W. Pa. v. Pittsburgh*,
    949 F.2d 83 (3d Cir. 1991) ........................................................................................ 9

*Hunt v. Wash. State Apple Adver. Comm'n*,
    432 U.S. 333 (1977) ......................................................................................... 5, 7 n.8

*Ill. Ass'n of Mortgage Brokers v. Office of Banks & Real Estate*,
    308 F.3d 762 (7th Cir. 2002) ..................................................................... 5 n.7, 8 n.10

*In re Cabletron Sys., Inc.*,
    311 F.3d 11 (1st Cir. 2002) ........................................................................................ 3

*Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Brock*,
    477 U.S. 274 (1986) ............................................................................................ 7 n.8

*Me. State Bldg. & Constr. Trades Council v. Chao*,
    265 F. Supp. 2d 105 (D. Me. 2003),
    *aff'd*, 359 F.3d 14 (1st Cir. 2004) ................................................................... 7, 8-9

*Nat'l Ass'n of Coll. Bookstores, Inc. v. Cambridge Univ. Press*,
  990 F. Supp. 245 (S.D.N.Y. 1997) ..................................................................................8

*N.H. Motor Transp. Ass'n v. Rowe*,
  301 F. Supp. 2d 38 (D. Me. 2004) ............................................................... 2 & n.2, 3 & n.4

*New Orleans Towing Ass'n, Inc. v. City of New Orleans*,
  Civ. No. 99-3131,
  2000 U.S. Dist. LEXIS 1550 (E.D. La. Feb. 15, 2000) ..................................................8 n.10

*N.Y. State Nat'l Org. for Women v. Pataki*,
  261 F.3d 156 (2d Cir. 2001),
  *cert. denied*, 534 U.S. 1128 (2002) ...................................................................................7, 8

*Northeastern Fla. Chapter of the Associated. Gen. Contractors v. City of
  Jacksonville*,
  508 U.S. 656 (1993) ...........................................................................................................5 n.7

*Pa. Psychiatric Soc'y v. Green Spring Health Servs., Inc.*,
  280 F.3d 278 (3d Cir.),
  *cert. denied*, 537 U.S. 881 (2002) .......................................................................................8

*Pharm. Care Mgmt. Ass'n v. Rowe*,
  No. 03-153-B-W,
  2004 U.S. Dist. LEXIS 3758 (D. Me. Mar. 9, 2004) ..................................................6 , 8 n.10

*Playboy Enters., Inc. v. Public Serv. Comm'n of P.R.*,
  906 F.2d 25 (1st Cir. 1990) ................................................................................................ 9

*Rent Stabilization Ass'n v. Dinkins*,
  5 F.3d 591 (2d Cir. 1991) ...................................................................................................7, 8

*Retired Chicago Police Ass'n v. City of Chicago*,
  7 F.3d 584 (7th Cir. 1993) ..................................................................................................7 n.8, 8

*R.I. Bd. of Corr. Officers v. State of R.I.*,
  357 F.3d 42 (1st Cir. 2004) .................................................................................................6

*Self-Ins. Inst. of Am., Inc. v. Korioth*,
  993 F.2d 479 (5th Cir. 1995) ..............................................................................................8 n.10

*Torres-Viera v. Laboy-Alvarado*,
  311 F.3d 105 (1st Cir. 2002) ...............................................................................................4, 8 n.9

*United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.*,
  517 U.S. 544 (1996) ............................................................................................................6 n.8

*United Parcel Serv., Inc. v. Flores-Galarza*,
  318 F.3d 323 (1st Cir. 2003) ...............................................................................................3

*Warth v. Seldin*,
  422 U.S. 490 (1975) ............................................................................................................6

**FEDERAL STATUTES AND RULES**

49 U.S.C.
 § 14501(c)(1) ..................................................................................................................5

Fed. R. Civ. P.
 12(b) ........................................................................................................................4 n.6
 56(d) ........................................................................................................................2 n.2
 56(f) .........................................................................................................................4 n.5

**MAINE STATUTES**

Me. Rev. Stat. Ann. tit. 22
 § 1555-D .................................................................................................................2 n.1

**LEGISLATIVE MATERIALS**

H. R. Conf. Rep. No. 103-677 (1994),
 *reprinted in* 1994 U.S.C.C.A.N. 1715 ................................................................4 n.4

Plaintiffs, the New Hampshire Motor Transport Association, the Massachusetts Motor Transportation Association, Inc., and the Vermont Truck & Bus Association, Inc. (collectively, the "Carrier Associations"), respectfully oppose Defendant's Motion for Partial Summary Judgment and Partial Motion To Dismiss (the "Motion").

## INTRODUCTION

The Attorney General's motion for partial summary judgment and partial motion to dismiss should be denied. The half-hearted request for entry of summary judgment on the Carrier Associations' so-called "Facial Preemption Claim" must be denied as there is no such "claim." When the Court denied the Carrier Associations' motion for summary judgment — seeking judgment on their Supremacy Clause and the Declaratory Relief Act claims based solely on the express terms of the Challenged Provisions — the Court left the Associations free to establish by evidence that they are entitled to prevail on those very claims. Thus, the denial of the motion did not resolve any claim asserted in the Complaint, and the Attorney General is not entitled to summary judgment on any claim as a result of that ruling.

The Attorney General's motion to dismiss for lack of standing also should be denied because it is based on the erroneous proposition that litigation of the plaintiffs' claims requires the participation of *each* member of the Carrier Associations. That proposition is belied by the FAAAA itself, which provides that state laws are preempted if they are "related to a price, route, or service of *any* motor carrier." Courts routinely uphold associational standing in comparable cases where, as here, the only relief sought is declaratory and injunctive relief — including cases where evidence is presented from a limited number of association members.

## ARGUMENT

I. **THE ATTORNEY GENERAL'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE NON-EXISTENT "FACIAL PREEMPTION CLAIM" SHOULD BE DENIED.**

The Attorney General devotes only a single paragraph of his memorandum to his motion for summary judgment, baldly asserting that he is entitled to summary judgment on the Association's "Facial Preemption Claim" because the Court denied the Associations' motion for

1

summary judgment based on the express terms of the Challenged Provisions. However, summary judgment is not a zero-sum game in which the denial of one party's summary judgment motion necessarily entitles the other party to an award of summary judgment.

*There is no "Facial Preemption Claim" in the Complaint on which the Attorney General could be granted judgment.* The Complaint asserts two causes of action (under the Supremacy Clause and the Declaratory Relief Act), each of which could be proved by the express terms of the Challenged Provisions and/or by evidence establishing their effect on carriers' prices, routes, and services. The Associations initially moved for summary judgment on the theory that they could prevail on both causes of action based solely on the express terms of the Challenged Provisions.[1] In denying that motion, this Court left the Associations free to establish by evidence that they are entitled to prevail on those same causes of action. *N.H. Motor Transp. Ass'n v. Rowe*, 301 F. Supp. 2d 38, 40 (D. Me. 2004) (motion denied "pending further development of the record on how the law is applied"). Thus, the denial of the motion did not resolve either of the causes of action asserted in the Complaint and defendant is not entitled to summary judgment on any claim.[2]

Even assuming that there was a "Facial Preemption Claim" on which the Attorney General could seek summary judgment, his reliance on the law of the case doctrine as the basis for entry of summary judgment would fail. The Court denied the carriers' express-terms motion so that it could resolve this action on the basis of a developed evidentiary record, and thereby has

---

[1] The "facial" and "as-applied" labels are not particularly suitable here because, in this action, the Carriers only challenge 22 M.R.S.A. section 1555-D "as applied" to motor carriers and air/ground intermodal carriers. (*See* Compl. ¶ 2(b).) That "as applied" limitation existed even in the Carriers' "express terms" motion. Nonetheless, for simplicity, the Carriers will use the label "facial" to refer to their "express terms" motion, and will use the label "as applied" to refer to their forthcoming evidence-based "in effect" motion.

[2] Partial summary judgment to establish facts that are "without substantial controversy," as permitted by Rule 56(d), likewise is not applicable here. In ruling on the express-terms motion, the Court expressly did not limit any factual issues and instead denied the carriers' motion "pending further development of the record on how the law is applied." *N.H. Motor Transp.*, 301 F. Supp. 2d at 40.

made clear that its decision was only interim, and subject to being revisited. Nothing in the law of the case doctrine bars the Court from revisiting its interim decision. *See, e.g.*, *Bethlehem Steel Export Corp. v. Redondo Constr. Corp.*, 140 F.3d 319, 321 (1st Cir. 1998) (holding that the district court may reconsider prior rulings on motions for summary judgment).[3]

Application of the law of the case doctrine to require entry of summary judgment would be particularly inappropriate here, because the Court's decision was based in part on statutes that were not addressed by the parties, *see N.H. Motor Transport*, 301 F. Supp. 2d at 44, and because the Court did not have the benefit of full submissions on what it found to be the decisive issue on preemption — an evidentiary showing of the effect that the Challenged Provisions have on carriers. *See, e.g.*, *In re Cabletron Sys., Inc.*, 311 F.3d 11, 21 n.2 (1st Cir. 2002) (holding that reconsideration is appropriate where the district court did not have the defendants' arguments before it); *Acton Corp. v. Borden, Inc.*, 670 F.2d 377, 379-80 & n.2 (1st Cir. 1982) (declining to apply the law of the case doctrine where the initial decision was made "without benefit of full argument").

In their "as-applied" summary judgment motion, the Associations respectfully will be prepared to show that *United Parcel Service, Inc. v. Flores-Galarza*, 318 F.3d 323 (1st Cir. 2003), which held that the presumption against preemption did not apply to Puerto Rico's regulation of air carriers' deliveries, applies with equal force here, notwithstanding the statutes cited in the Court's prior decision.[4] The law of the case doctrine does not foreclose the

---

[3] The Attorney General cites only *Ellis v. United States*, 313 F.3d 636, 647-48 (1st Cir. 2002), *cert. denied*, __ U.S. __, 124 S. Ct. 99 (2003), which addressed the discretionary branch of the law of the case doctrine in the inapposite context of determining whether a successor judge was bound by earlier rulings by a judge of coordinate jurisdiction in the same federal habeas corpus proceeding.

[4] Among other things, the Associations will show that the federal presence in interstate ground transportation is comparable to the federal presence in interstate air transportation that proved decisive in *Flores-Galarza*. *See, e.g.*, *Boston & Me. R.R. v. Hooker*, 233 U.S. 97, 110 (1914) ("the subject of interstate transportation of property has been regulated by Federal law to the exclusion of the power of the States to control in such respect by their own policy or legislation"). Although this Court discerned a higher amount of historical regulation of motor

(Footnote continues on following page.)

Associations from making that showing and does not support entry of summary judgment on their purported "Facial Preemption Claim" or on any of the causes of action actually asserted in the Complaint.[5]

### II. THE ATTORNEY GENERAL'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE THERE IS ASSOCIATIONAL STANDING.

A complaint may be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Torres-Viera v. Laboy-Alvarado*, 311 F.3d 105, 108 (1st Cir. 2002) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).  The Attorney General's motion to dismiss should be denied because, contrary to his assertion, the Associations have standing to bring an as-applied claim on behalf of their members.[6]

The Carrier Associations have standing to bring this action on behalf of their members because:  (1) the members would otherwise have standing to sue in their own right; (2) the

---

(Footnote continued from previous page)

carriers based on certain cited statutes, *N.H. Motor Transp.*, 301 F. Supp. 2d at 44-45, none of those statutes singles out or purports to regulate only motor carriers.  Instead, they contain generic terms such as "transporting," "transferring," or "delivering" that would apply equally to air carriers, which, like motor carriers, make their deliveries via motor vehicles.  Moreover, as the Court acknowledged, the FAAAA expressly was enacted to ensure that air and motor carriers of property were *equally* immune from state regulation.  301 F. Supp. 2d at 41 n.3; *see* H.R. Conf. Rep. No. 103-677 at 83 (1994), *reprinted in* 1994 U.S.C.C.A.N. 1715, 1755 ("The central purpose of this legislation is to extend to all affected carriers, air carriers . . . on the one hand and motor carriers on the other, the *identical* intrastate preemption of prices, routes and services" (emphasis added)).  Applying a presumption against preemption of state laws regulating motor carriers, but not those regulating air carriers, would be inconsistent with Congress's intended scope for the FAAAA.

[5] To the extent that the Court would consider entry of summary judgment on any of the causes of action asserted in the Complaint, the Carrier Associations object pursuant to Fed. R. Civ. P. 56(f) on the ground that they have not had adequate notice or opportunity to make an evidentiary showing of the actual prohibited effect that the Challenged Provisions have on carriers.

[6] The Attorney General's motion to dismiss should be denied for the additional reason that it is procedurally deficient, because the Attorney General filed an answer to the Complaint on November 3, 2003.  *See* Fed. R. Civ. P. 12(b) ("A motion making any of these defenses shall be made before pleading . . .").

4

interests the plaintiffs seek to protect are germane to the organizations' purposes; and (3) "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977). The Attorney General's contention that *Hunt's* third prong is not met is demonstrably incorrect. Under the plain language of the FAAAA, plaintiffs' as-applied challenge requires proof from only a single carrier. Courts, including the First Circuit, uphold associational standing even where proof from association members may be needed.

### A. The Carrier Associations' Claims Do Not Require Proof From Each Association Member.

The Attorney General's standing argument is inherently flawed because the Carrier Associations do not need to provide individual proof from *each* association member in order to establish that the Challenged Provisions are preempted as applied to carriers. By its express terms, the FAAAA preempts state laws "related to a price, route, or service of <u>any</u> motor carrier . . . with respect to the transportation of property." 49 U.S.C. § 14501(c)(1) (emphasis added). The statute does not require the plaintiffs to show that the Challenged Provisions relate to the prices, routes, or service of *every* carrier association member, or even to most members. Rather, on its face, the FAAAA preempts the Challenged Provisions as applied to carriers if they relate to the price, route, or service of *any* carrier.

Contrary to the Attorney General's suggestion, nothing about an as-applied challenge to the Challenged Provisions somehow alters the threshold of FAAAA preemption to require individualized proof of an effect on *every* carrier.[7] In arguing that "'as-applied' challenges

---

[7] It is simply not the case, as the Attorney General's position would suggest, that there can never be associational standing for an as-applied challenge. *See, e.g., Northeastern Fla. Chapter of the Associated Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 659, 669 n.6 (1993) (finding associational standing for facial and as-applied challenges); *Ill. Ass'n of Mortgage Brokers v. Office of Banks & Real Estate*, 308 F.3d 762, 764 (7th Cir. 2002) (upholding association's standing to challenge state law as applied to certain lenders); *Forum for Academic & Institutional Rights, Inc. v. Rumsfeld*, 291 F. Supp. 2d 269, 284-91 (D.N.J. 2003) (upholding associations' standing to pursue as-applied challenge).

5

require the same sort of individualized assessment" as claims for damages, (AG Br. at 5) the Attorney General mistakenly relies on *Warth v. Seldin*, 422 U.S. 490, 515-16 (1975). The rejection of associational standing in *Warth*, however, had nothing to do with the association's pursuing an as-applied challenge. Indeed, in *Warth*, the Supreme Court expressly held that associational standing is proper as long as the association alleges "that its members, *or any one of them*, are suffering immediate or threatened injury as a result of the challenged action" and "the nature of the claim and of the relief sought does not make the individual participation of *each* injured party indispensable to proper resolution of the cause." 422 U.S. at 511 (emphasis added). Associational standing was rejected in *Warth* because the association there sought *damages* for alleged injuries to its members, and "both the fact and extent of injury would require individualized proof." *Id*. at 515-16.

Associational standing, however, is routinely upheld where, as here, the plaintiffs seek only prospective, equitable relief. *See, e.g., R.I. Bd. of Corr. Officers v. State of R.I.*, 357 F.3d 42, 28 (1st Cir. 2004); *Camel Hair & Cashmere Inst. of Am., Inc. v. Associated Dry Goods Corp.*, 799 F.2d 6, 12 (1st Cir. 1986); *Pharm. Care Mgmt. Ass'n v. Rowe*, No. 03-153-B-W, 2004 U.S. Dist. LEXIS 3758, at *10-14 (D. Me. Mar. 9, 2004). In the words of the Supreme Court, "[I]t can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured." *Warth*, 422 U.S. at 515. That is clearly the case here, where a showing that the Challenged Provisions run afoul of the FAAAA as to "any" motor carrier will entitle plaintiffs to a declaration that the Challenged Provisions are preempted as to carriers generally. That benefit undoubtedly runs to all members of the plaintiff associations.[8]

---

[8] Defendant's contention that the Carrier Associations lack standing because individual members could pursue their claims elsewhere ignores the efficiency concerns underlying *Hunt's* third prong. The third prong of the associational standing test is prudential and is concerned with efficiency and administrative convenience. *See United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 557 (1996). It would make little sense to construe this third requirement to require each of the plaintiff associations' members to pursue its

(Footnote continues on following page.)

Because the Carrier Associations' claims seek only declaratory and injunctive relief and do not require an individual assessment as to each member, this case is easily distinguishable from the cases on which the Attorney General relies. *See Bano v. Union Carbide Corp.*, 361 F.3d 696, 713-16 (2d Cir. 2004) (no associational standing to pursue damages claims on behalf of members); *N.Y. State Nat'l Org. for Women v. Pataki*, 261 F.3d 156, 171 n.4 (2d Cir. 2001) (no associational standing to pursue members' claims that they were given inadequate notice before dismissal of discrimination claims because claims required individualized inquiries into actual notice provided to each member), *cert. denied*, 534 U.S. 1128 (2002); *Rent Stabilization Ass'n v. Dinkins*, 5 F.3d 591, 597-98 (2d Cir. 1991) (involving takings claims, which entail an "essentially ad hoc, factual inquiry" as to each association member (quotations omitted)); *Me. State Bldg. and Constr. Trades Council v. Chao*, 265 F. Supp. 2d 105, 112 (D. Me. 2003) (challenge to methods of calculating wage rates requires individualized assessments of the labor-certification requests at issue), *aff'd*, 359 F.3d 14 (1st Cir. 2004).

### B. Courts Find Associational Standing For As-Applied Challenges Where Proof Is Limited To A Representative Member.

The Carrier Associations do not lack standing to bring the as-applied challenge on behalf of their members simply because the plaintiffs may rely on evidence from only one or a limited number of association members.[9] Courts routinely hold that the need for individual participation

---

(Footnote continued from previous page)

claims individually just because some individual proof may be required. *See Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 601-02 (7th Cir. 1993). Indeed, in *Hunt* itself, the Supreme Court upheld associational standing despite the defendants' argument that the growers and dealers who were part of the association could have brought their own actions. *See Hunt*, 432 U.S. at 342. Subsequently, in *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Brock*, 477 U.S. 274, 289-90 (1986), the Court extolled the advantages of suits by associations, including that they allow the association "in a single case to vindicate the interests of all." (citation and quotations omitted).

[9] The Attorney General's motion to dismiss relies on statements of counsel made in a status conference. Even if accurately reported, such statements cannot provide the basis for a

(Footnote continues on following page.)

7

from some association members is not a bar to associational standing. *See Pa. Psychiatric Soc'y v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 283 (3d Cir.) ("The need for some individual participation . . . does not necessarily bar associational standing under this third criterion."), *cert. denied*, 537 U.S. 881 (2002); *Retired Chicago Police*, 7 F.3d at 603 (finding associational standing where evidence to establish recovery "might be supplied by the evidentiary submissions of some of the members"); *see also Clark v. A.D.A. Access Today*, 213 F.R.D. 198, 214-15 (D.N.J. 2003) (permitting "sample testimony"); *Nat'l Ass'n of Coll. Bookstores, Inc. v. Cambridge Univ. Press*, 990 F. Supp. 245, 250 (S.D.N.Y. 1997) (finding associational standing where "some individuated proof" may be required).[10]

### C. The As-Applied Preemption Challenge Does Not Require The Individual Carriers To Participate In Discovery As Parties.

The Attorney General's argument that the Carrier Associations lack standing because their members must participate in discovery simply rehashes the argument that the carriers' claim requires individual participation. Several of the cases on which the Attorney General relies say *nothing* about discovery, and stand only for the unremarkable proposition that, where the nature of the claim requires an individual assessment regarding association members, *Hunt's* third prong is not met. *See N.Y. State Nat'l Org. for Women*, 261 F.3d at 171 n.4; *Rent Stabilization Ass'n*, 5 F.3d at 596-97; *Camel Hair & Cashmere Inst.*, 799 F.2d at 12; *Me. State*

---

(Footnote continued from previous page)

motion to dismiss, which tests only the face of the Complaint and whether any set of facts could be proved consistent with the allegations of the Complaint. *Torres-Viera*, 311 F.3d at 108.

[10] The fact that the Carrier Associations are challenging the statutes as preempted also presents no bar to associational standing. For example, in *Illinois Association of Mortgage Brokers*, 308 F.3d at 764, the Seventh Circuit held that an association of mortgage lenders had standing to challenge a state law as preempted by the Alternative Mortgage Transaction Parity Act of 1982, as applied to lenders. *See also Self-Ins. Inst. of Am., Inc. v. Korioth*, 993 F.2d 479, 484-85 (5th Cir. 1993) (finding associational standing to raise ERISA preemption claim); *Pharm. Care Mgmt*, 2004 U.S. Dist. LEXIS 3758, at *10-14 (same). Indeed, in *New Orleans Towing Ass'n, Inc. v. City of New Orleans*, Civ. No. 99-3131, 2000 U.S. Dist. LEXIS 1550, at *2-4 & n.2 (E.D. La. Feb. 15, 2000), the court found associational standing to raise an FAAAA preemption claim.

*Bldg. and Constr. Trades Council*, 265 F. Supp. 2d at 112. Here, since the Carrier Associations' claims do not require proof by each member, this argument is inapplicable. *See supra* Part II.A.

The Attorney General's claim of prejudice is overstated because, for example, he does not contend that he will be "unable to *gain access* to evidence." *Playboy Enters., Inc. v. Pub. Serv. Comm'n of P.R.*, 906 F.2d 25, 36 (1st Cir. 1990) (emphasis added). The Attorney General argues only that he will be unable to do so through direct discovery against the Carrier Associations' members as parties.[11] The First Circuit in *Playboy Enterprises*, however, expressly rejected the idea that individual association members must participate as parties in order to find associational standing, even where some individual proof may be required. *Id.* at 35-36. Moreover, the First Circuit expressly noted that defendants have the ability to take discovery from association members "who [can be] deposed and subjected to subpoenas *duces tecum* by the defendants without being parties to the suit." *Id.* at 36. In *Hosp. Council of W. Pa. v. City of Pittsburgh*, 949 F.2d 83, 89-90 (3d Cir. 1991), the Third Circuit also found associational standing although some individual participation was required. The court did not say that the individual members must participate in discovery as parties. *See id.* Similarly, nothing in *Builder's Ass'n v. City of Chicago*, No. 96 C 1122, 2003 U.S. Dist. LEXIS 1896, at *6 (N.D. Ill. Feb. 10, 2003), requires individual members to make evidence available by participating as parties in this case.

In any event, United Parcel Service, Inc.("UPS") — a member of each of the three carrier associations whose experience with the Challenged Provisions will be the subject of plaintiffs' evidentiary showing — has authorized plaintiffs' counsel to accept service on its behalf of any forms of third party discovery authorized under the Federal Rules of Civil Procedure. Given that the Carriers can prevail by showing the Challenged Provisions' effect on a single carrier, and given that UPS is the association member whose experience with the Challenged Provisions will

---

[11] To date, the Attorney General has not served any discovery on any members of the Carrier Associations.

provide the evidentiary basis for the Carriers' as-applied challenge, this authorization minimizes any prejudice that the Attorney General might have encountered. For this additional reason, the Court should deny the Attorney General's motion to dismiss.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court deny the Attorney General's Motion for Partial Summary Judgment and Partial Motion to Dismiss, and proceed with the schedule set forth in the Court's March 29, 2004 Scheduling Order.

Dated: May 13, 2004

PAUL T. FRIEDMAN
RUTH N. BORENSTEIN
LAWRENCE R. KATZIN
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone:  (415) 268-7000

MICHAEL A. NELSON
JENSEN BAIRD GARDNER & HENRY
10 Free Street
P.O. Box 4510
Portland, ME 04112-4510
Telephone: (207) 775-7271


By:  /s/ Michael A. Nelson
         Michael A. Nelson

Attorneys for Plaintiffs
NEW HAMPSHIRE MOTOR TRANSPORT ASSOCIATION, MASSACHUSETTS MOTOR TRANSPORTATION ASSOCIATION, INC., and VERMONT TRUCK & BUS ASSOCIATION, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2004, I electronically filed an Opposition To Motion For Partial Summary Judgment And Partial Motion To Dismiss with the Clerk of Court using the CM/ECF system.

Dated at Portland, Maine this 13th day of May 2004.

    PAUL T. FRIEDMAN
    RUTH N. BORENSTEIN
    LAWRENCE R. KATZIN
    MORRISON & FOERSTER LLP
    425 Market Street
    San Francisco, CA  94105-2482
    Telephone:  (415) 268-7000

    MICHAEL A. NELSON
    BRENDAN P. RIELLY
    JENSEN BAIRD GARDNER & HENRY
    10 Free Street
    P.O. Box 4510
    Portland, ME 04112-4510
    Telephone: (207) 775-7271

    By:  /s/ Michael A. Nelson

    Attorneys for Plaintiffs
    NEW HAMPSHIRE MOTOR
    TRANSPORT ASSOCIATION,
    MASSACHUSETTS MOTOR
    TRANSPORTATION ASSOCIATION,
    INC., and VERMONT TRUCK & BUS
    ASSOCIATION, INC.